CONFEDERATION OF POLICE, a not for profit corporation, et al., Plaintiffs-Appellants,

v.

The CITY OF CHICAGO, a Municipal Corporation, et al., Defendants-Appellees.

No. 74–2026.

United States Court of Appeals, Seventh Circuit.

Remanded June 28, 1976.

Decided Jan. 6, 1977.

Gilbert A. Cornfield, Chicago, Ill., for plaintiffs-appellants.

William R. Quinlan, Acting Corp. Counsel, Robert R. Retke, Asst. Corp. Counsel, Daniel Pascale, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD and CUMMINGS, Circuit Judges, and GRANT, Senior District Judge.*

GRANT, Senior District Judge.

In this case the Confederation of Police, an employee organization consisting of a majority of the sworn members of the Chicago Police Department in the patrol officer classification, and several of its officers challenge the failure of the Chicago Police Department to supply a grievance procedure or to allow collective bargaining with respect to adverse action short of discharge taken by the Department against patrol officers. Plaintiffs contend that Chicago patrol officers are subject to changes in

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

geographic assignments and work schedules, denials of proposed vacation schedules and leaves of absence, and demotions without effective explanation or review. They urge that this deficiency violates the equal protection and due process clauses of the fourteenth amendment to the Constitution.

The district court held for defendants on both claims, and dismissed the complaint. This court reversed, stating due process requires that the Department utilize a written grievance procedure in taking adverse action short of discharge against patrol officers. It affirmed, however, the district court's holding that the Department's failure to permit collective bargaining over adverse action did not violate the equal protection clause.[1] 529 F.2d 89 (7th Cir. 1976).

The Supreme Court vacated this court's judgment and remanded the case for further consideration in light of *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); and *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). We now conclude that our previous decision was incorrect, and affirm the judgment of the district court.

Our previous decision was bottomed on the premise that a Chicago patrol officer has a property interest, protected by the due process clause, in the conditions of his employment. Because we found that a patrol officer had a state law entitlement to a particular situation or job, we held that he could not be transferred to a job imposing substantially greater burdens or with less pay without the provision of procedural due process. It is now clear that our underlying premise was erroneous. In *Bishop v. Wood,* the Supreme Court held that the existence of a property interest in public employment cognizable under the due process clause depends on whether state law has affirmatively created an expectation that a particular employment relationship will continue unless certain defined events occur. See

426 U.S. at 344, 96 S.Ct. at 2078. *See also Paul v. Davis,* 424 U.S. 693, 710–712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (a property interest attains constitutional status by virtue of initial recognition and protection by state law).

There is no Illinois law, whether from a statutory, regulatory, or judicial source, that protects a Chicago patrol officer from adverse action short of discharge or suspension by the Police Department. In its earlier opinion, this court cited Ill.Rev.Stat. Ch. 24, § 10–1–18.1, as a source of protection for a patrol officer's particular job conditions. This statute, however, is limited by its own terms to discharges or suspensions.

Absent affirmative recognition in Illinois law of an entitlement to particular job conditions, plaintiff's due process claim must fail. Accordingly, the judgment of the district court is affirmed, with costs in the Supreme Court as well as costs of appeal allowed to appellee.

---

1. This court did not rule on whether collective bargaining could be required under the due process clause.