**John Michael HERMES et al., Plaintiffs,**

v.

**William HEIN et al., Defendants.**

**No. 79 C 749.**

United States District Court,
N. D. Illinois, E. D.

Dec. 24, 1980.

Michael J. Wall and Joseph A. Morris, Rothschild, Barry & Myers, Chicago, Ill., for plaintiffs.

David A. Epstein and Gary A. Weinstraub, Jann, Carroll, Kruse, Sain & Dolin, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge.

Defendants, members of the Village of Wheeling Board of Police and Fire Commissioners, the President of the Village of Wheeling, the Village of Wheeling, and several individual members of the Wheeling Police Department, have moved to strike and dismiss portions of Plaintiffs' First Amended Complaint.

The factual background of this action is set forth in an opinion by Judge Bua which ruled on Defendants' motion to dismiss the original complaint. *Hermes v. Hein*, 479 F.Supp. 820 (N.D.Ill.1979). Plaintiffs, who are members of the Village of Wheeling Police Department, alleged that defendants violated their Fourteenth Amendment due process rights by falsifying and rigging the results of competitive promotional examinations, thereby depriving the plaintiffs of a protected property right to promotional eligibility in violation of 42 U.S.C. Section 1983 and 42 U.S.C. Section 1985. The Court ruled that since *Ill.Rev.Stat.* Ch. 24, § 10–2.1–15 granted the Board unrestricted discretion to fill departmental vacancies from among the top three eligible candidates, plaintiffs' failure to allege that the unwavering custom and stated policy of the Board is to promote the highest ranked candidate on the eligibility roster required the dis-

missal of the Fourteenth Amendment due process claim.[1]

In their amended complaint, plaintiffs have alleged that defendants' unwavering custom is to promote in exact order of rank from the eligibility roster, and that this policy was communicated to and relied upon by the plaintiffs. Defendants now renew their argument that these allegations fail to frame a legally cognizable property interest.

Defendants contend that the first amended complaint is legally deficient in that Illinois law does not affirmatively grant recognition and protection to the property interest in promotional eligibility claimed by plaintiffs. They apparently maintain that *Ill.Rev.Stat.* Chp. 24, § 10–2.1–15 and Chp. III, Section (E)(7) of the Rules and Regulations of the Wheeling Board of Fire and Police Commissioners, both of which vest the Board with discretionary power to fill vacancies from among the three highest ranking persons on the promotional eligibility roster, comprehensively and exclusively define the dimensions of plaintiffs' promotional entitlement.

However, property interests "... are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Moreover, a "person's interest in a benefit is a 'property' interest for due process purposes if there are ... rules or mutually explicit understandings that support his claim of entitlement to the benefit ...." *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Written rules, regulations, statutes, and judicial decisions thus are not the sole affirmative sources of protected prop-

erty interests under state law. Well-established patterns of practice and existing understandings are recognized as alternative sources of protected property interests. Thus, agreements in the nature of implied contracts may serve to supplement and complement legislative and judicial pronouncements in this area. See *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) ("A property interest in employment can, of course, be created by ordinance, or by an implied contract."); *Leis v. Flynt,* 439 U.S. 438, 442, 99 S.Ct. 698, 701, 58 L.Ed.2d 717 (1979) ("A claim of entitlement under state law, to be enforceable, must be derived from statute or legal rule or through a mutually explicit understanding.") Plaintiffs' allegations that the unwavering custom and stated policy of the Board is to promote the highest ranking qualified person adequately assert the type of "mutually explicit understanding" stemming from state law which has received protection and recognition under the due process clause.

Defendants argue, however, that the decision of the Seventh Circuit Court of Appeals in *Confederation of Police v. City of Chicago,* 547 F.2d 375 (7th Cir. 1977), substantially narrows the field of protected property interests by requiring an "affirmative" recognition of promotional entitlement in Illinois state law, i.e., a statute or ordinance expressly vesting plaintiffs' expectation. In effect, defendants contend that *Confederation of Police, supra,* forecloses the existence of a property interest based on a mutually explicit understanding.

This argument fails for three reasons. First, the plaintiff police officers in *Confederation of Police* could point to no formal or informal mutual understanding regarding an established grievance procedure for disciplinary action in statute, ordi-

---

1. Plaintiffs also alleged an unlawful conspiracy in violation of 42 U.S.C. § 1985(1) and § 1985(3). Judge Bua ruled that Plaintiffs had properly stated a claim for deprivation of equal protection under 1985(3), but dismissed the 1985(1) claim. The first amended complaint has realleged the violation of § 1985(1); Plain- tiffs state that this continued incorporation of § 1985(1) was inadvertent, and concede that these allegations must be stricken. Accordingly, the claims under Section 1985(1) in Counts II and IV of the First Amended Complaint are dismissed.

nance, rule, or understanding which entitled the officers either to a grievance proceeding or to collective bargaining with respect to adverse action short of discharge. Conversely, the Wheeling plaintiffs have alleged that they relied on a stated policy and custom which supplemented the provisions of *Ill.Rev.Stat.* Chp. 24, § 10–2.1–15 and Chapter III, Section (E)(7) of the Board's Rules and Regulations. Defendants do not contend, as indeed they could not, that these provisions preempt the establishment of the alleged formal custom and policy. See *Soni v. Board of Trustees of University of Tennessee*, 513 F.2d 347, 351 (6th Cir. 1975) (holding that a formal tenure system existing in conjunction with a state statute does not preclude a reasonable and legitimate expectancy of continued employment on the basis of a "viable understanding" which supplements the formal tenure system); *Perry v. Sindermann, supra*. In the absence of express legislative preemption, plaintiffs are entitled to the presumption that such a complementary promotional policy exists in the Village of Wheeling. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir. 1976).

■ Second, *Confederation of Police* specifically premised its requirement of an affirmative state law property interest recognition on the statement by the Supreme Court in *Bishop v. Wood, supra*, that "[a] property interest in employment can, of course, be created by ordinance, or by a implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." 426 U.S. at 344, 96 S.Ct. at 2077. It is significant that the *Bishop* decision is based on the holdings in *Perry v. Sindermann, supra*, and *Board of Regents v. Roth, supra*, which establish that property interests may be created and protected for due process purposes on the basis of "rules or mutually explicit understandings." See *Bishop v. Wood*, 426 U.S. 341, 344 n. 6, 7, 96 S.Ct. 2074, 2077 n. 6, 7 (1976). Accordingly, it is clear that *Confederation of Police* does not warrant a restrictive interpretation of what constitutes an "affirmative recognition in Illinois law of an entitlement to [a] particular job. . . ."

■ Finally, the Supreme Court has recently reaffirmed that a mutually explicit understanding may serve as an alternative basis for a claim of entitlement under state law. In *Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979), the Court rejected the respondents' contention that they were entitled to appear *pro hac vice* before an Ohio trial court, because respondents had not shown the "requisite *mutual* understanding that they would be permitted to represent their clients in any particular case in the Ohio court." 439 U.S. at 443, 99 S.Ct. at 701 (emphasis in original). The Court strongly implied that respondents would have prevailed had they been able to show the "requisite mutual understanding," despite the fact that authority to approve *pro hac vice* appearances was expressly consigned to the trial courts by Ohio Supreme Court Rule. The Court reiterated that "[a] claim of entitlement under state law, to be enforceable, must be derived from statute or legal rule *or through a mutually explicit understanding*." 439 U.S. at 442, 99 S.Ct. at 701 (emphasis added). The plainly disjunctive nature of this statement persuades this Court that plaintiffs are entitled to prove the existence of the alleged Wheeling promotional policy even though formal legislative enactments do not explicitly declare or define such a protected property interest.

Accordingly, this Court finds that plaintiffs have alleged a property interest stemming from Illinois law which is entitled to recognition and protection under the due process clause of the Fourteenth Amendment. Furthermore, those allegations of the first amended complaint which defendants have moved to strike as immaterial and prejudicial are found to be materially related to the issues encompassed by plaintiffs' due process claims. Defendants' Motion to Dismiss and Strike is therefore DENIED.