ROGER SHAMLEY *et al.*, Plaintiffs-Appellants, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—3528

Opinion filed November 6, 1987.

Wayne B. Giampietro and Stephen G. Daday, both of Chicago (Poltrock & Giampietro, of counsel), for appellants.

Judson H. Miner, Corporation Counsel, of Chicago (Lynn K. Mitchell and Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal from an order dismissing their amended complaint plaintiffs contend that violations of their constitutional rights were alleged in the complaint.

As part of a routine departmental physical examination, plaintiffs, three Chicago police officers, were required to submit urine specimens for analysis, including drug testing. At the time the samples were taken, plaintiffs were not advised that the drug testing would be performed, but subsequently, each was informed that his urine specimen had tested positive for tetrahydrocannabinol (THC), the pharmacologically active component of marijuana. A complaint was filed against each plaintiff, charging him with violating police regulations. Their powers of arrest were suspended, they were ordered not to carry their firearms and they were temporarily reassigned to the radio room to inventory radios.

Plaintiff Rivera was suspended from active duty for 30 days pending a police board hearing into the charges against him, but at the conclusion of that hearing, the board determined that the charges had not been sustained and ordered his reinstatement. No disciplinary action was taken or contemplated against plaintiffs Shamley and Grandy and, as stated in an affidavit of defendant Beazley, the complaint register investigations as to all three plaintiffs were "completed, closed, and classified as 'not sustained.'" Plaintiffs' powers of arrest were restored and they have returned to active duty without loss of pay or change in rank.

In their amended complaint for injunctive and other relief, which was filed before the departmental complaints were disposed of, plaintiffs alleged that the accusations against them were false and resulted from "improper, arbitrary and capricious acts" of defendants. They

specifically complained of the manner in which the urine specimens had been handled and processed.

Plaintiffs alleged also that "[the] tests were *** accomplished in a manner so as to deprive [them] of their rights in regard to the allegations made against them." Although it is not apparent from an examination of the amended complaint exactly what rights were violated, plaintiffs made the following claims: the urine specimens were not preserved or made available to them for their own tests; defendants had no cause to believe that plaintiffs had used any controlled substances; plaintiffs were not notified in advance that their urine specimens would be tested for drugs; the department has not promulgated any rules for drug testing or to insure the integrity of the testing process; the test used was not the most accurate one available; the standards defendants apply in ordering police officers to undergo physical examinations are arbitrary, capricious and unreasonable; plaintiffs were not informed of the basis of the charges against them; defendants allowed the complaint registers against plaintiffs to remain open without attempting to resolve the charges or proceed with a hearing; and plaintiffs were subjected to administrative discipline without due process or an opportunity to defend themselves.

Plaintiff Rivera alleged further that departmental Rule 2, which he was charged with violating, is unconstitutional on its face and as applied[1] and that he was deprived of due process in connection with the charges placed against him, because defendants refused to provide him with any information regarding the alleged testing done upon his urine specimen except a conclusory statement that the test disclosed the presence of THC in the sample provided.

All of the plaintiffs alleged that, as a result of defendants' actions, they had suffered mental anguish, suffering and uncertainty which interfered with their family lives and damaged their health. Asserting that they had no adequate remedy at law, they asked the court to enjoin defendants from using the results of any tests conducted on their urine samples for any purpose; to declare the complaint registers filed by defendant Beazley against all plaintiffs and the charges requesting discipline against plaintiff Rivera to be void; to require defendants to expunge all references to the complaint registers and charges from departmental files; to enjoin defendants from conducting any drug screening analysis without first promulgating procedures to ensure that any such analysis would be accurate; to declare Rule 2 of the rules

---

[1]Rule 2 prohibits "[a]ny action or conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the Department."

of conduct of the rules and regulations of the Chicago police department to be unconstitutional and unenforceable; and to require the department to transfer plaintiffs to their former assignments, restore their powers of arrest, and return their firearms. Plaintiffs also sought damages.

After the police board determined that there was insufficient evidence to sustain the charges brought against plaintiff Rivera and the complaint register investigations as to all three plaintiffs had been completed, closed, and classified as "not sustained," defendants filed a motion under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), to dismiss the amended complaint. They argued that the case was moot and that plaintiffs lacked standing to seek injunctive or declaratory relief. They also asserted that they were immune under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act). Ill. Rev. Stat. 1985, ch. 85, pars. 2—201, 2—208.

On August 15, 1986, the circuit court dismissed the claims for injunctive and declaratory relief as moot, ordered defendants to impound all records arising out of their drug testing of plaintiffs and transferred the case to the law division for consideration of plaintiffs' claims for damages. On defendants' motion for partial reconsideration, the court vacated its order of August 15, 1986, and dismissed the amended complaint. This appeal follows.

We initially note that while plaintiffs maintain that the amended complaint alleges violations of their constitutional rights, the complaint fails to identify the rights involved. Plaintiffs concede that the Chicago police department constitutionally may require police officers to submit urine specimens for drug testing as part of routine physical examinations without reasonable suspicion that the officers examined are illegally using drugs and without notifying them in advance that the specimens will be tested for drugs. (Harris v. Washington (N.D. Ill. February 6, 1985), No. 84 C 8812 (unpublished slip opinion, at 6-8). See also *National Treasury Employees Union v. Von Raab* (5th Cir. 1987), 816 F.2d 170, 179; *McDonell v. Hunter* (8th Cir. 1987), 809 F.2d 1302, 1307-08; Webb v. Rice (N.D. Ill. January 18, 1985), No. 84 C 7111 (unpublished slip opinion, at 5-6).) Such testing does not violate the privacy rights of police officers. Plaintiffs also concede that the manner in which urine specimens are handled after they are collected has no bearing on whether the requirement that they be given is reasonable under the fourth amendment. (Harris v. Washington (N.D. Ill. February 6, 1985), No. 84 C 8812 (unpublished slip opinion, at 9).) Although the mishandling of the specimens may constitute negligence, defend-

ants are immune from liability therefor under the provisions of the Tort Immunity Act. Ill. Rev. Stat. 1985, ch. 85, pars. 2—201, 2—208.

Plaintiffs, however, while conceding that they have no property interest in a particular assignment or duty (*Confederation of Police v. City of Chicago* (7th Cir. 1977), 547 F.2d 375), contend that their temporary reassignments to the radio room and the suspension of plaintiff Rivera pending the police board hearing into the charges against him deprived them of liberty and property interests without due process of law. In this regard we note that plaintiffs were not discharged or suspended[2] and, although they were temporarily reassigned to the radio room and deprived of their authority to make arrests and carry firearms, they have lost no salary and continue to be employed by the police department. Thus, even assuming that plaintiffs were demoted and transferred without any procedural safeguards, none were required. (*Confederation of Police v. City of Chicago* (7th Cir. 1977), 547 F.2d 375, 376; Harris v. Washington (N.D. Ill. February 6, 1985), No. 84 C 8812 (unpublished slip opinion, at 2-4); Webb v. Rice (N.D. Ill. January 18, 1985), No. 84 C 7111 (unpublished slip opinion, at 4-5).) Plaintiffs' reliance on *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487, for the proposition that they were entitled to a hearing prior to their reassignment is misplaced. *Loudermill* held only that a tenured public employee is entitled to "some form of pretermination hearing." (470 U.S. at 542, 84 L. Ed. 2d at 504, 105 S. Ct. at 1494.) Here, they were not terminated.

Plaintiffs also assert that their temporary reassignments, Rivera's suspension, and the purported injury to their reputations implicated a liberty interest. We disagree. Even actual defamation of an employee by an employer, which is not alleged here, does not deprive the employee of a liberty interest if the employee is not fired. (*Paul v. Davis* (1976), 424 U.S. 693, 710, 47 L. Ed. 2d 405, 419, 96 S. Ct. 1155, 1165; *Colaizzi v. Walker* (7th Cir. 1976), 542 F.2d 969, 972-74.) It necessarily follows that purported harm to reputation not constituting defamation, combined with temporary adverse employment action not constituting termination, does not deprive plaintiffs of a liberty interest. Harris v. Washington (N.D. Ill. February 6, 1985), No. 84 C 8812 (unpublished slip opinion, at 4-5).

The amended complaint sought an injunction against the use of

---

[2]Plaintiff Rivera was not entitled to a hearing before he was temporarily suspended pending final adjudication of the charges against him. *Hoban v. Rochford* (1979), 73 Ill. App. 3d 671, 678-81, 392 N.E.2d 88; see also *Starkey v. Civil Service Comm'n* (1983), 97 Ill. 2d 91, 101-03, 454 N.E.2d 265

drug tests and expungement of the complaints from police department files. Plaintiffs conceded on oral argument that the request for injunctive relief is moot. We also point out that they have failed to establish any legal basis on which to enjoin defendants from administering urine tests in the future as part of routine physical examinations. The request for expungement of the materials relating to the drug testing is equally unfounded. The complaint registers have been completed, closed and classified as "not sustained." Plaintiffs' fear that the information in the complaints could be used against them at some time in the future is speculative and not ripe for adjudication. See *Clark v. Maurer* (7th Cir. 1987), 824 F.2d 565, 567.

In our judgment, plaintiffs' amended complaint does not set forth any basis for recovery against defendants. Accordingly, we affirm the order of the circuit court dismissing the amended complaint.

Affirmed.

PINCHAM and MANNING, JJ., concur.