ARTHUR STEPHENS, Plaintiff-Appellant, v. METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—90—2883

Opinion filed August 16, 1991.

Stanley H. Jakala, of Berwyn, for appellant.

James B. Murray, of Metropolitan Water Reclamation District of Greater Chicago, of Chicago (Marya T. Nega and Ronald M. Hill, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Arthur Stephens, filed a complaint for a writ of *certiorari* to review a decision which denied his promotion to police lieutenant. Defendants are the Metropolitan Water Reclamation District (district), F.D. O'Brien, director of personnel; Frank Dolton, general superintendent; John C. Farnan, director of administrative services; Wes Scanlon, safety and security manager; Clifton L. Thomas, police chief; and Lieutenant William G. Fitzgerald.

On December 4, 1989, the district gave a civil service promotional examination for the position of police lieutenant. On December 19, 1989, the district posted a final eligible list for the position which ranked three certified persons and their respective test scores. Plaintiff received the highest score, 91.88; William G. Fitzgerald scored 89.95. One week later, the district promoted Fitzgerald to the lieutenant position.

On February 23, 1990, plaintiff filed a complaint for a writ of *certiorari* to review the district's decision, requesting the court to vacate Fitzgerald's appointment and appoint plaintiff to the rank of lieutenant. Plaintiff contended that the district should have promoted him instead of Fitzgerald because he ranked first on the police lieutenant's promotional list. Additionally, plaintiff alleged that he ranked higher than Fitzgerald in the patrol officers class, on the initial hiring eligible list, and as a sergeant. Plaintiff's complaint did not contest the examination or its results, but only the district's decision as to the appointment. After hearing argument, the circuit court concluded that plaintiff failed to state a cause of action for a writ of *certiorari* and accordingly granted defendants' motion to dismiss.

On appeal, plaintiff admits that the district's appointment did not violate the relevant statute. Plaintiff claims, however, that the appointment was contrary to law because there was a custom and practice to promote by rank order from the eligible list which superseded the statute. Plaintiff argues that the district established a custom and practice in 1985 when it promoted two officers to police lieutenant in rank order and that such custom and practice required plaintiff's promotion. Plaintiff argues that the district's failure to appoint plaintiff in accordance with this alleged custom and practice was contrary to law and thereby constituted a proper cause of action under State law.

The relevant civil service statute provides in pertinent part:

"Whenever a position classified under this Act is to be filled, *** the Director shall certify *** from the register of eligibles for the position the names and addresses (a) of the five candidates standing highest upon the register of eligibles for the position ***. The appointing officer shall notify the Director of each position to be filled separately and shall fill the position by appointment of one of the persons certified to him by the Director." Ill. Rev. Stat. 1989, ch. 42, par. 323.11.

Plaintiff relies on *Hermes v. Hein* (7th Cir. 1984), 742 F.2d 350, in support of his argument that custom and practice can supersede this statute. In *Hermes*, plaintiffs, village police officers, alleged that defendants' "unwavering custom" was to promote in exact rank order

from the eligibility roster, despite a statute which gave the board of commissioners unrestricted discretion to fill vacancies from among the top three eligible candidates for the position. The district court denied defendants' motion to dismiss, finding that plaintiffs were entitled to prove the existence of a promotional policy. (*Hermes v. Hein* (N.D. Ill. 1980), 511 F. Supp. 123.) On appeal, however, the court of appeals reversed the trial court on the ground that plaintiff failed to establish custom and practice, stating:

> "We need not decide whether Illinois law would allow the defendants to adopt a policy of promoting only the highest ranked candidate because, even if it would, there is no evidence from which we can reasonably infer that this alleged policy was ever promulgated throughout the police department or stated to any of the plaintiffs." *Hermes*, 742 F.2d at 355.

■ Plaintiff maintains that under *Hermes*, a civil service employee has a vested right to be promoted by rank and order in accordance with custom and practice. However, the above-quoted language indicates that the court specifically refused to decide whether Illinois law allowed defendant to promote based upon custom and practice instead of following the statute. We therefore conclude that *Hermes* does not support plaintiff's position.

Even assuming that a promotional practice could supersede the hiring statute, we find that plaintiff here failed to establish custom and practice. Plaintiff's amended complaint alleges:

> "That it is the custom and practice of the defendant, *** to promote police lieutenants by rank order, and that custom and practice was observed in the promotions of police sergeants to the rank of police lieutenant from the 1985 police lieutenant's promotional list, wherein Clifton L. Thomas, number one (No. 1), and Fred Gaffney, were promoted to the rank of police lieutenant by rank order."

The trial court here explicitly found that alleging "a single instance of appointing persons from the top of the list would not constitute, as a matter of law, custom or practice," finding the cases cited by plaintiff "inapposite and distinguishable." We agree.

*Penbaur v. Cincinnati* (1986), 475 U.S. 469, 89 L. Ed. 2d 452, 106 S. Ct. 1292, *Jungels v. Pierce* (7th Cir. 1987), 825 F.2d 1127, and *Webb v. Chester* (7th Cir. 1987), 813 F.2d 824, cited by plaintiff, each involves a cause of action for violation of civil rights under title 42, section 1983 of the U.S. Code. (42 U.S.C §1983 (1988).) In *Penbaur*, petitioner sought damages under section 1983, alleging that county and city police violated his rights under the fourth and fourteenth

amendments. The court held that a municipality may be liable under section 1983 based upon a single decision because such decision "unquestionably constitutes an act of official government policy." (*Penbaur*, 475 U.S. at 480, 89 L. Ed. 2d at 463, 106 S. Ct. at 1298.) The court noted that the "official policy" requirement under section 1983 was "intended to distinguish acts of the *municipality* from acts of *employees* of the municipality." (Emphasis in original.) (*Penbaur*, 475 U.S. at 479-80, 89 L. Ed. 2d at 463, 106 S. Ct. at 1298.) The *Webb* court, citing *Penbaur*, similarly held that the city's single decision to fire an officer "is sufficient evidence of [defendants'] official municipal policy to convince us that defendants acted under color of state law." *Webb*, 813 F.2d at 829.

The *Penbaur* and *Webb* courts were concerned with whether the municipal officials acted pursuant to an official municipal policy, an essential prerequisite to a section 1983 action. (*Monell v. Department of Social Services* (1978), 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018.) It is in this context that the courts found a single act sufficient to demonstrate official policy. Moreover, in these cases, the single act of the municipal agent, if proved, would constitute a violation of section 1983, even in the absence of a course of conduct. For these reasons, the section 1983 analysis is inapplicable to this case.

Because this case does not involve alleged section 1983 violations, the cited cases fail to support plaintiff's argument. Plaintiff does not cite, nor do we find, an Illinois decision which has construed the statute as plaintiff suggests. In the absence of such authority, we do not believe that the district's 1985 decision to appoint a candidate from the highest rank controlled future appointments and obligated it to appoint the highest ranking candidate to every subsequent opening. Indeed, section 4.11 unambiguously gives the district discretion to appoint from among the five highest ranking candidates. Ill. Rev. Stat. 1989, ch. 42, par. 323.11.

■ We are also persuaded by the amendment to the statute in 1983 which deleted the following provision:

> "In making such appointments the candidate standing highest on the register of eligibles shall not be passed over more than once and the next highest candidate shall not be passed over more than twice." Ill. Rev. Stat. 1981, ch. 42, par. 323.11.

We believe that in deleting such limitation, the legislature intended to broaden the appointing authority's discretion, allowing him to appoint any candidate among the highest ranking. We find plaintiff's argument, which seeks to limit the director's discretion based

upon a single promotion decision made five years earlier, contrary to the statute and the legislative intent.

We conclude that the district's appointment was not contrary to law and that the trial court therefore properly granted defendants' motion to dismiss the amended complaint for a writ of *certiorari*. In view of this conclusion, we need not consider whether a writ of *certiorari* was the proper vehicle for review of the district's appointment decision.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and EGAN, J., concur.