PER CURIAM.
Defendant, Hattie Eysman, personal representative of the estate of Stella Ganz who held a recorded judgment against certain real property owned by Warren W. Mullins, appellee herein, appeals an order denying her motion to compel discovery.
Plaintiff Central Savings Bank (not a party to this appeal) instituted a mortgage foreclosure action against the subject property and named, among others, as defendants, appellee Warren Mullins by virtue of his ownership of the property and Stella Ganz[1] by virtue of her recorded judgment. At the time this action commenced Mullins no longer resided in Florida and service was perfected on him in Georgia. He failed to answer and default was entered against him. Thereafter, pursuant to a summary final judgment of foreclosure against all defendants, the property was sold at a public sale and after plaintiff bank received the $11,557.63 due under the mortgage, a surplus of $4,116.74 remained. Defendant Ganz then filed a motion for an order directing the clerk to disburse $4,066.57 to her out of the surplus on the ground that she held a judgment lien for that amount which is superior to any claim or estate of any other defendant. Mullins then filed a motion for award of the entire surplus as owner of the subject realty for the reason that the premises constituted his homestead and, therefore, a judgment could not operate as a lien thereon. Thereafter Ganz noticed Mullins for the taking of his deposition and Mullins refused. Appellant, Hattie Eysman, as representative of the estate of Stella Ganz, filed a motion to compel discovery seeking to have Mullins submit to a deposition by oral examination. After a hearing, the trial judge denied the motion. We reverse.
Fla.R.Civ.P. 1.280(b), in effect, provides that discovery may be made of any matter as long as it is relevant to the subject matter of the litigation and, of course, not privileged.
Whether appellant or appellee will prevail on their respective motions for award of the surplus funds revolves around the determination of (1) whether the property was in reality homestead at all times prior to the foreclosure action,[2] and (2) whether the funds retain their homestead character. We, therefore, conclude that the trial judge abused his discretion in denying appellant an opportunity to make inquiry and discovery with respect to the homestead status of the property. Cf. Orlowitz v. Orlowitz, 199 So.2d 97 (Fla.1967).
The order denying appellant’s motion to compel discovery is reversed and the cause remanded to the trial court with directions to grant the motion to compel discovery with any limitations which the trial judge in his discretion may deem necessary or proper.
Reversed and remanded.

. Ganz did file an answer.

. A question of fact. See Brady v. Brady, 55 So.2d 907 (Fla.1952).