475 So.2d 1284 (1985)
BAXTER'S ASPHALT AND CONCRETE, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION and Solomon Construction Company of Quincy, Appellees.
No. AZ-110.
District Court of Appeal of Florida, First District.
September 17, 1985.
Frank A. Baker, Marianna, for appellant.
Alan E. DeSerio and Robert I. Scanlan and Jack A. Harnett of Harnett, Curry & Slay, Quincy, for appellees.
MILLS, Judge.
Baxter's is appealing Department of Transportation's (DOT's) rejection of its bid to do road work on I-10 in Leon County. Upon notification of DOT's intent to reject it as the lowest responsible bidder, Baxter's requested an administrative hearing pursuant to Section 120.57(1), Florida Statutes (1983). As a result of the hearing Baxter's was deemed nonresponsible and the hearing officer recommended awarding the bid to the second lowest bidder, intervenor Solomon Construction Company. DOT affirmed parts of the hearing officer's recommendations, found Baxter's nonresponsible, and awarded the contract to Solomon. Baxter's appeals this final agency action pursuant to its privilege under Section 120.68, Florida Statutes (1983).
Baxter's contends that DOT erred as a matter of law in concluding that its responsibility *1285 is to be ascertained as of the date DOT intended to reject its bid, instead of the date of the hearing. It also argues that because the hearing officer made no finding of its responsibility on the date deemed correct by DOT, a finding of nonresponsibility on that date is not supported by competent substantial evidence. Baxter's further alleges that DOT abused its discretion in finding it was not a responsible bidder within the meaning of Section 337.11(3), Florida Statutes (1983). We affirm.
The facts are not in dispute. Baxter's was the low bidder on the bid let by DOT on 31 August 1983. On 19 September 1983, it was notified by letter of DOT's intention to reject its bid, on the ground that it was not a responsible bidder within the meaning of Section 337.11, Florida Statutes (1983). As support for this opinion the agency cited six pending jobs on which Baxter's was making little progress. DOT also stated that it could not use normal contractor suspension procedures to reject the bid as Baxter's was maintaining a case challenging the suspension process in circuit court. On 10 October 1983, DOT posted a notice of intent to award the job to Solomon, the second lowest bidder.
Following Baxter's protest, an administrative hearing was held on 30 January 1984. The issues for resolution were whether the bid should be rejected because: (1) Baxter's uncompleted work might hinder prompt completion (Section 2-11(e), Standard Specifications for Road and Bridge Construction (1982)); (2) Baxter's was not a responsible bidder (Section 337.11(3), Florida Statutes (1983)); or (3) Baxter's had falsely certified current asphalt capacity (Rule 14-22, Florida Administrative Code). In prehearing conferences the hearing officer ruled that responsibility should be determined as of the date of the hearing, but that evidence of Baxter's status as of 10 October 1983 would be relevant.
At the hearing, evidence was adduced regarding Baxter's past jobs with DOT, their completion dates and the causes of the job delays cited in DOT's letter. Extensive evidence was proffered on Baxter's status prior to and after 10 October 1983. Baxter's demonstrated that it was currently able to perform the work it had already contracted, as well as that for which it had bid, plus a Wakulla County job it had been awarded on 25 January 1984 as lowest responsible bidder. The hearing officer made these factual findings:
a. Baxter had time overruns on most of the DOT contracts let to it in 1982, mostly from late starts. Baxter had requested sufficient time extensions to excuse any delinquency, but final administrative approval of those requests was pending.
b. Baxter had suffered asphalt production and permitting problems but that these problems did not appear to have caused the tardiness of which DOT complained.
c. Baxter continued to have the manpower, equipment, capitalization and expertise necessary to accomplish all the work for which it had contracted and been offered bids.
d. Baxter's management had, in attempts to maximize profits, delayed progress on certain DOT contracts resulting in scheduling and personnel problems for DOT.
e. There was no evidence that the error in the certification of current capacity was willfully made by Baxter's.
Notwithstanding a statement that Baxter's position had so improved that it would not prevent or hinder timely completion of the subject job were it awarded, the hearing officer concluded that Baxter's willingness to maximize profits when clearly able to perform rendered it not responsible for this job.
In its final order, DOT rejected the hearing officer's conclusion that the time for determination of responsibility was the date of the hearing, and fixed that date at 10 October 1983. It then approved the hearing officer's finding that Baxter's had substantial uncompleted work as of 10 October and rejected its bid under its Standard Contract Specification 2-11(e) (DOT *1286 may decline to award a contract to the low bidder in light of its current work load). It approved the finding that Baxter's was not responsible as of 30 January 1984 and made a de novo finding that they were not responsible as of 10 October 1983. It then awarded the contract to Solomon. Construction on the job began 21 June 1984.
Before we considered the merits of this case, Solomon moved to dismiss the appeal as moot. It urged that Baxter's failure to seek a stay or supersedeas precluded any practical relief since the contract was already being executed. DOT did not respond to an order to show cause why the appeal should not be dismissed. We denied Solomon's motion upon Baxter's response that under the ancillary relief provision of Section 120.68(13)(a)2, Florida Statutes (1983) it sought replacement of Solomon as prime contractor or, alternatively, damages for DOT's violation of the competitive bidding statute. DOT again raises the mootness issue in its brief but, based on the denial of Solomon's motion, we do not reconsider it here.
The disposition of this case does not require us to determine whether DOT erred in concluding that responsibility must be established as of a date before the hearing. The hearing officer found Baxter's not responsible as of 30 January 1984; DOT found it not responsible as of 10 October 1983. Nonresponsibility at either point in time is supported by competent, substantial evidence and as such must be affirmed by this court. See Section 120.68 Florida Statutes (1983).
DOT is given great leeway in awarding bids by Section 337.11(3), Florida Statutes (1983). "The Department may, at its discretion, award the proposed work to the lowest responsible bidder... ." "Responsible" has been judicially defined to include such factors as "... degree of experience ... reputation for performance ... outstanding obligations ... integrity ... as well as other matters which might influence the ability to perform the contract ...," Willis, et al v. Hathaway, et al, 95 Fla. 608, 117 So. 89 (1929). Baxter's was delinquent on several jobs at the time of this bid. It was still delinquent on some of these jobs by the date of the hearing, and the ones it had completed had not been finished on time. Baxter's had a history of late starts and late finishes though it had possessed the resources to perform the work in a timely manner. By virtue of the definition of responsibility, a finding of nonresponsibility at either time is ground enough to reject Baxter's bid.
Baxter's makes a strong argument that nonadoption by rule of either the definition or the time frame within which responsibility is ascertained precludes its use as a ground on which to reject a bid. We do not imply that it would not be preferable for DOT to adopt objective rules for application of this standard. But, to the extent an agency may intend in its final order to rely upon or refer to policy not recorded in rules for discoverable precedents, that policy must be established by expert testimony, documentary opinion or other evidence apropriate to the nature of the issues involved and the agency must expose and elucidate its reasons for its discretionary action. Florida Cities Water Co. v. Public Service Commission, 384 So.2d 1280 (Fla. 1980); E.M. Watkins & Co. v. Board of Regents, 414 So.2d 583 (Fla. 1st DCA 1982). DOT adequately explains the grounds for its rejection of Baxter's bid.
The argument that nonadoption of Standard Specification 2-11(e) as a rule similarly precludes its use as a ground for rejection comes within the same analysis. This argument would have been much more troublesome were it not possible to reject this bid on responsibility alone. The hearing officer did find Baxter's able to perform the job, in spite of other work, on 30 January. Had responsibility not been at issue, the question of when the other work criterion was determined would have forced a decision on whether DOT could cut off consideration at some date before the hearing.
The statutory grant of discretion in awarding contracts to responsible bidders places a heavy burden on DOT to show it did not act arbitrarily or capriciously and *1287 that its actions are based upon facts reasonably tending to support the actions. Capeletti Brothers v. Dept. of General Services, 432 So.2d 1359 (Fla. 1st DCA 1983). DOT's rationale for rejecting Baxter's bid is exposed and explained in its order which reads in pertinent part:
(1) Baxter's showed it has the "financial resources" to perform timely on Job No. 55320-3425 [the disputed job]; (2) Baxter's management has showed itself willing to maximize profits even when doing so meant falling behind on a half dozen contracts; (3) Baxter's had the "financial resources and ability" to perform on each of the contracts on which it fell behind, just as it has the resources to perform the job it now seeks. But it chose to delay beginning work under those contracts, sometimes until after the agreed completion dates, in order to keep costs down and; (4) the manner in which Baxter's acquitted itself on those jobs, its "previous conduct under the other contracts, and the quality [timeliness] of [its] previous work" are sufficient evidence that it is not a responsible bidder for Job No. 55320-3425 within the meaning of Section 337.11(3), Florida Statutes (1983).
A public body has wide discretion in soliciting and accepting bids for public improvements and its decisions, when based on honest exercise of this discretion, will not be overturned by a court even if reasonable persons may disagree. Liberty County v. Baxter's Asphalt and Concrete, 421 So.2d 505, 507 (Fla. 1982).
Baxter's argues that, because DOT found it responsible on a bid let five days before this hearing, its finding of nonresponsibility on this bid is evidence of an abuse of discretion, as the factors indicating responsibility are the same on both jobs. We agree with the recommended order, which found that the acceptance on the second bid is not at issue. Although this decision has evidentiary value, it does not establish a presumption that DOT acted correctly in making that award. Factors unique to the Wakulla job (as well as Baxter's improved performance record) could explain DOT's actions.
Baxter's argument that, because the hearing officer made no finding of its responsibility as of the October date, DOT could not then make that determination, is without merit. The question of responsibility is a factual one and DOT's finding is fully supported by the record. There are literally thousands of pages of testimony and demonstrative evidence from the hearing showing that Baxter's job performance, management style and financial resources on all past, present and future DOT jobs were the subject of exhaustive proof, rebuttal and argument. Baxter's has consistently begun jobs late and finished them late in spite of the fact it possessed the resources to fulfill its contracts in timely fashion.
Throughout this appeal Baxter's relies heavily on Couch Construction Co. v. Dept. of Transportation, 361 So.2d 172 (Fla. 1st DCA 1978) to support its contention that "responsibility" and "other work" criteria must be determined as of the date of the hearing. It states that Couch mandates consideration of changed circumstances all the way up to the hearing; that the formal hearing is not designed merely to review action taken earlier and preliminarily. Couch, supra at 176. Baxter's also urges that arbitrarily establishing the date up to which changed circumstances will be considered is a denial of the due process the Florida Administrative Procedures Act, Chapter 120, Florida Statutes (1983), is designed to insure.
DOT contends that in the arena of competitive bidding, allowing for changed circumstances enables one bidder to cure deficiencies which results in an unfair advantage over other bidders.
We do not think that Couch opens the door for or requires consideration of subsequent occurrences that give certain contractors a competitive edge over other qualified bidders. Couch required DOT to consider the fact that it had abolished the requirement of attendance at mandatory pre-bid conferences between the time the bid was let and the hearing held. Couch was based on McDonald v. Dept. of Banking, 346 So.2d 596 (Fla. 1st DCA 1979) in *1288 which changed social and economic factors had to be considered. Baxter's alone has control over its performance record. The agency in Couch was reversed because of an inadequate order. This final order does not suffer the same infirmities.
Baxter's was deemed not responsible on 10 October 1983 when DOT posted its notice of intended action. It received an impartial hearing on whether it was responsible. The hearing officer decided it was not. Baxter's was given its chance to convince DOT to change its mind. The facts and figures were considered anew providing Baxter's with the de novo hearing mandated by Chapter 120. Couch does require the 120.57 proceeding provide visible proof that the agency is proceeding rationally and within the bounds of its discretion. Chapter 120 requires the Department's decision be by final order that takes into account countervailing evidence and argument. The changed circumstances in Baxter's position are considered but are found not to outweigh its past performance.
Because there is more than adequate evidence to support a finding of nonresponsibility, the final order of the agency is affirmed.
NIMMONS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.