596 So.2d 759 (1992)
Devoe L. MOORE d/b/a Fort Knox Center, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES AND Tallahassee Associates, Limited, Appellees.
No. 91-1757.
District Court of Appeal of Florida, First District.
April 2, 1992.
Rehearing Denied May 1, 1992.
*760 Jonathan S. Grout of Goldsmith & Grout, P.A., and John S. Miller, Tallahassee, for appellant.
Peter A. Lewis of Dept. of Health and Rehabilitative Services, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
Wings S. Benton, Tallahassee, for appellee Tallahassee Associates, Ltd.
ALLEN, Judge.
The appellant, Devoe L. Moore d/b/a Fort Knox Center (Moore), challenges an administrative order by which the appellee, the Department of Health and Rehabilitative Services (the department), awarded a competitively bid lease to the appellee, Tallahassee Associates, Limited (Associates). The award was made after it was determined that the department had acted improperly in the bid evaluation process which produced a recommendation in favor of Moore. We conclude that the department may not award the lease without submitting the bids to a proper evaluation, so as to maintain the integrity of the competitive bidding process.
Moore and Associates submitted competitive bids to provide office space which the department desired to lease. The department formed a four person evaluation committee to consider the bids, and three of the committee members submitted their individual evaluations to the fourth committee member, who was acting as the committee chairperson. The chairperson, who had been instructed by the acting bid officer not to evaluate the bids, determined that the evaluations of the other committee members favored Associates. When the director of the program office to be housed in the leased space was advised of the evaluations, he prepared a memo expressing his dissatisfaction with Associates. The chairperson submitted this memo to the acting bid officer, along with the committee recommendation in favor of Associates.
When the regular bid officer discovered that the chairperson had not evaluated the bids, she met with the acting bid officer and explained that this was inconsistent with the department's policy manual and usual procedure. The chairperson was then instructed to make her own evaluation of the bids. The chairperson's evaluation favored Moore, and when it was combined with the evaluations of the other committee members, the committee recommendation was changed from Associates to Moore. In accordance with this recommendation, the department indicated that it intended to award the lease to Moore.
Associates filed an administrative protest and a section 120.57(1), Florida Statutes, administrative hearing was conducted. The department's policy manual, which specifies that all committee members should individually evaluate the bids, was submitted as evidence. The hearing officer determined that the committee chairperson's after-the-fact evaluation was not independent of the other evaluations, and that this impropriety in the process caused the department's reliance upon the resulting committee recommendation to be arbitrary and capricious. Although reaching this conclusion under the standard announced in Department of Transportation v. Groves-Watkins Constructors, 530 So.2d 912 (Fla. 1988), the hearing officer expressly rejected the application of the Groves-Watkins standard in this case. Instead, the hearing officer proceeded to make a de novo evaluation of the bids, after which he recommended that the lease be awarded to Associates.
In its final order, the department indicated that the Groves-Watkins standard should be applied in this case, and agreed that the evaluation process was so flawed as to be arbitrary and capricious. But the *761 department also agreed that it was appropriate for the hearing officer to make a de novo evaluation of the bids, and it awarded the lease in accordance with the hearing officer's recommendation.
De novo consideration is ordinarily appropriate in a section 120.57(1) hearing, as the proceeding is used to formulate, rather than to review, agency action. See e.g., Department of Transportation v. J.W.C. Co., Inc., 396 So.2d 778 (Fla. 1st DCA 1981); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). However, in Groves-Watkins the supreme court established a different procedure for a competitive bidding dispute. Acknowledging the agency's broad discretion to reject all bids, the court indicated that the hearing officer's sole responsibility is to ascertain whether the agency acted fraudulently, arbitrarily, illegally, or dishonestly.
In the present case, the hearing officer declined to apply Groves-Watkins because this case involves a disputed award, rather than a rejection of all bids. But this factual distinction does not expand the hearing officer's authority, because the Groves-Watkins court announced that the limitation on the hearing officer's responsibility applies whether the agency makes an award or rejects all bids. See also, Scientific Games v. Dittler Bros., Inc., 586 So.2d 1128 (Fla. 1st DCA 1991); Courtenay v. Department of Health & Rehabilitative Services, 581 So.2d 621 (Fla. 5th DCA 1991). The Groves-Watkins standard thus applies in this case, and the hearing officer exceeded his authority by making a de novo evaluation of the bids after determining that the department had acted arbitrarily.
The department and Associates contend that this error could be harmless, because the hearing officer's evaluation and the department's ultimate decision to award the lease to Associates comports with the initial recommendation which the evaluation committee made before the process was tainted by the chairperson's after-the-fact evaluation. But the initial recommendation did not result from an independent evaluation by each committee member, as required by the department's policy manual and usual procedure. In these circumstances, an award predicated upon the partial committee evaluation would not satisfy the overriding concern which the Groves-Watkins court emphasized with regard to the integrity of the competitive bidding process.
Moore has suggested that the department may reopen the bidding process, or alternatively, may allow the existing bids to be evaluated by a new committee. We decline to specify what course of action might be preferable, leaving that determination to the department's sound discretion. But the department should not have made an award in the present posture of this case. The challenged order is reversed as indicated herein, and the cause is remanded.
ERVIN and WEBSTER, JJ., concur.