WEBSTER, Judge.
Appellant, Pat Procacci, seeks review of a final administrative order, adopting all findings of fact and conclusions of law contained in a hearing officer’s recommended order, by which appellee Department of Health and Rehabilitative Services (HRS) awarded a competitively bid lease for office space to appellee Lima Development Corporation (Lima). Because we conclude that HRS improperly surrendered to the hearing officer its evaluation and selection responsibilities incident to the competitive bidding process, we reverse.
The operative facts are not in dispute. The hearing officer found that HRS had failed to follow the procedures set forth in *1300 its invitation to bid, and in its own manual, regarding evaluation of bids in numerous material particulars, resulting in the evaluation being so fundamentally flawed as to be meaningless. The hearing officer found, further, that the subsequent decision made by the District Administrator of HRS to reject all bids and to reopen the bidding process was without any justification and, therefore, arbitrary and capricious. Having made those findings, the hearing officer then proceeded to determine, “pursuant to [a] stipulation of the parties HRS, Procacci, Lima and a third bidder, Perrine Marlin, Inc.] ... which bidder should be awarded the bid.” The hearing officer conducted a de novo evaluation of the three bids; concluded that the bids of Procacci and Perrine Marlin were not responsive to the invitation to bid (although HRS had previously determined that they were responsive) and that, therefore, Lima was the lowest and best bidder; and recommended that the lease be awarded to Lima. In its final order, HRS adopted all of the hearing officer’s findings of fact and conclusions of law; and concluded that Lima’s bid should be accepted and the lease awarded to Lima.
Except for the stipulation of the parties that the hearing officer might determine which of the three bidders {i.e., Procacci, Lima or Perrine Marlin) should be awarded the lease, the operative facts of this case are indistinguishable from those in Moore v. Department of Health and Rehabilitative Services, 596 So.2d 759 (Fla. 1st DCA 1992). In Moore, HRS had awarded a lease for office space after an evaluation which the hearing officer found to have been “so flawed as to be arbitrary and capricious.” Id. at 760. After conducting a de novo evaluation of the bids, the hearing officer recommended that the lease be awarded to one of the bidders. HRS agreed that the evaluation process had been arbitrary and capricious, and “that it was appropriate for the hearing officer to make a de novo evaluation of the bids.” Id. at 761. Accordingly, it concluded that the lease should be awarded as recommended by the hearing officer. On appeal, this court reversed and remanded for further proceedings, holding that, pursuant to Department of Transportation v. Groves-Watkins Constructors, 530 So.2d 912 (Fla.1988), “the hearing officer exceeded his authority by making a de novo evaluation of the bids after determining that the department [i.e., HRS] had acted arbitrarily.” Id.
We do not believe that the parties’ stipulation that the hearing officer might determine which of the parties should be awarded the lease sufficiently distinguishes this case from Moore to require a result different from that reached in Moore. An agency may not delegate to a hearing officer its legislatively prescribed responsibilities. Upjohn Healthcare Services, Inc. v. Department of Health and Rehabilitative Services, 496 So.2d 147 (Fla. 1st DCA 1986). See also City of Miami v. Fraternal Order of Police, Miami Lodge 20, 511 So.2d 549 (Fla.1987) (agency may not delegate its clearly set forth statutory responsibilities). HRS is required by statute to award leases such as that bid in this case “to the lowest and best bidder,” pursuant to the competitive bidding process. § 255.25(3)(a), Fla.Stat. (1989). In addition, it is statutorily required to “develop procedures and adopt rules to ensure that [its] leasing practices ... are in substantial compliance with the rules adopted” by the Division of Facilities Management of the Department of General Services. § 255.-25(2)(c), Fla.Stat. (1989). The rules adopted by the Division of Facilities Management require, among other things, that “[t]he user agency” (in this case, HRS) evaluate the bids, according to specified criteria; and then select the bidder to whom the lease should be awarded, Fla.Admin.Code Rule 13M-1.015(5)(c), (d).
Thus, HRS had no authority to enter into the stipulation by which it purported to agree that the hearing officer could determine which of the bidders should be awarded the lease. Moreover, because it was the responsibility of HRS to evaluate the bids, and then to select the bidder to whom the lease should be awarded, the hearing officer lacked jurisdiction to make such a decision. In such a case, jurisdiction cannot be conferred by agreement or consent of the parties; nor can it *1301 be based upon waiver or estoppel. See RHPC, Inc. v. Department of Health and Rehabilitative Services, 509 So.2d 1267 (Fla. 1st DCA 1987); Swebilius v. Florida Construction Industry Licensing Board, 365 So.2d 1069 (Fla. 1st DCA 1979); Gulf American Corp. v. Florida Land Sales Board, 206 So.2d 457 (Fla. 2d DCA 1968). See also 2 Am.Jur.2d Administrative Law § 331 (1962).
The legislature has placed upon HRS the primary responsibility for evaluating bids and selecting the bidder to whom the contract or lease at issue should be awarded; and, in general, for ensuring that the integrity of the competitive bidding process is maintained. The limited role to be played by a hearing officer in such matters was concisely set forth by the supreme court in Groves-Watkins, as follows:
[Although the [Administrative Procedure Act] provides the procedural mechanism for challenging an agency’s decision to award or reject all bids, the scope of the inquiry is limited to whether the purpose of competitive bidding has been subverted. In short, the hearing officer’s sole responsibility is to ascertain whether the agency acted fraudulently, arbitrarily, illegally, or dishonestly.
530 So.2d at 914.
Because we conclude that HRS improperly surrendered its statutory responsibilities regarding the evaluation and selection of bids to the hearing officer, we reverse and remand. Procacci urges that we direct HRS to begin the bidding process anew. However, as in Moore, we decline to specify a particular course of action on remand. Instead, we leave that determination to the sound discretion of HRS. We merely note the importance of the obligation which HRS bears to ensure that the integrity of the competitive bidding process is maintained.
REVERSED and REMANDED, with directions.
BOOTH and WIGGINTON, JJ„ concur.