624 So.2d 783 (1993)
FORT HOWARD Company, Appellant,
v.
The DEPARTMENT OF MANAGEMENT SERVICES of the STATE OF FLORIDA, and William H. Lindner, as Secretary of the Department of Management Services of the State of Florida, Appellees.
No. 93-235.
District Court of Appeal of Florida, First District.
September 17, 1993.
*784 C. Gary Williams and Stephen C. Emmanuel of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee; Charles M. Shaffer, Jr. of King and Spaulding, Atlanta, GA, for appellant.
Stephen S. Mathues, Staff Atty. Dept. of Management Services, Tallahassee, for appellees.
SMITH, Judge.
Fort Howard, a manufacturer of paper towels, appeals an order of the Department of Management Services (DMS) denying its bid protest for lack of standing. Fort Howard was not a bidder on the bid package below, but was the listed supplier of towels for two vendors submitting bids. Neither of the vendors, who offered to provide Fort Howard towels in their bids, have protested. We affirm.
In August 1992, DMS issued an invitation to bid (ITB) for purchase of paper towels to be used by all State of Florida agencies. According to Fort Howard, paper products are sold to the state through distributors or authorized representatives of product manufacturers. Affiliated Paper, a vendor, submitted five bids using five different manufacturers, including Tagsons and Fort Howard. Atlantic Bag and Butler Paper each submitted one bid using one manufacturer. Unijax submitted a bid using products manufactured by Fort Howard. On two different occasions, samples of paper towels were requested for testing. Apparently, DMS found that none of the products met the specifications as to tensile strength, so DMS determined that it would waive the requirements as to tensile strength.
On December 7, 1992, DMS posted its bid tabulation. The Unijax bid, utilizing products manufactured by Fort Howard, was the lowest. The next lowest bid was one by Affiliated Paper, also using products manufactured by Fort Howard. The third lowest bid was the one by Affiliated Paper, using products manufactured by Tagsons. DMS announced its intention to award the contract to the third lowest bidder. According to DMS, after the tensile strength requirements were waived, Affiliated's offer to supply towels manufactured by Tagsons was the only bid which met the remaining specifications.
Fort Howard timely protested and sought award of the contract. As already stated, DMS denied its bid protest for lack of standing.
After Fort Howard filed a petition seeking extraordinary relief and an appeal, this court determined that this action should proceed as an appeal from a final order. We further ordered, sua sponte, that Affiliated Paper, as prevailing bidder, was entitled to appear as an appellee in this cause. The court granted the other non-prevailing bidders the option of moving the court to appear as appellees. None of these bidders availed themselves of the opportunity to appear.
Section 120.53(5)(b), Florida Statutes (1991) provides that any person who is adversely affected by the agency decision or intended decision concerning a procurement may file a protest with the agency. Accord Fla. Admin. Code R. 60A-1.006(3). Fort Howard contends that as the manufacturer/supplier for the two lowest bids, it is a person who has been affected adversely by DMS's announced decision to award the contract to the third lowest bidder.
In Department of Transportation v. Groves-Watkins Constructors, 530 So.2d 912, 914 (Fla. 1988), the Florida Supreme Court ruled that while the Administrative Procedure Act provides a procedural mechanism for review of an agency's decision to award a bid or to reject all bids, the scope of the inquiry is limited to whether the purpose of competitive bidding has been subverted. In the event an administrative hearing is necessary, the hearing officer's sole responsibility is to ascertain whether the agency acted fraudulently, arbitrarily, illegally, or dishonestly.
In an effort to meet the Groves-Watkins standard and fit within the post-Groves-Watkins line of cases in which bid protests have proved successful where the evaluation process was flawed,[1] Fort Howard has made colorable claims in this proceeding of faulty *785 evaluation and testing by DMS. By focusing on the merits of a potential bid protest, Fort Howard's argument tends to draw attention away from the only issue before this court: Whether Fort Howard, as a non-bidder, has standing to bring a bid protest.
DMS contends that as a non-bidder, Fort Howard does not have standing to file a bid protest under section 120.53(5). The relief available pursuant to a bid protest under this statute is either an award of the contract, or a re-bid of the contract; and Fort Howard, who is not and cannot potentially be a party to the contract with the state, is thereby not entitled to either. Because neither of the vendors that offered to provide Fort Howard's towels in their bids, and who are the parties capable of contracting with the state, sought to protest the award of the contract, Fort Howard would gain nothing even if it prevailed in any ultimate bid protest. The vendors have expressed no interest in supplying towels if the current contract was cancelled. Neither has come forward and participated in this appeal, even though given the opportunity. DMS argues, and we agree, that it is entirely speculative whether either of the vendors would come forward if the litigation was resolved in appellant's favor.
Fort Howard counters, nevertheless, that a re-bid would afford relief.[2] However, Fort Howard's argument assumes the vendors would re-bid and offer Fort Howard products. As already stated, there is no indication that this would occur.
Given the present posture of this case, we do not view it as consistent with the public interest, nor does it promote efficient public bidding, to allow Fort Howard to proceed with a bid protest and require the agency to go through the expense and time of an administrative hearing when there is no assurance that any relief, consistent with section 120.53(5), could be afforded.
In Westinghouse Electric Corp. v. Jacksonville Transportation Authority, 491 So.2d 1238 (Fla. 1st DCA 1986), this court ruled that, absent extraordinary circumstances, a non-bidder does not have standing to file a bid protest. While admittedly the case can be factually distinguished because Westinghouse had not submitted any bid at all, whereas in this case, Fort Howard was the supplier for the two vendors submitting the lowest bids, nevertheless, the case does provide some direction for our decision. To rule that a supplier for a bidder has standing to halt the bid process by filing a bid protest would eradicate the exceptional circumstances limitation and open a floodgate of potential protestants to bid awards. We have not overlooked Fort Howard's argument that "fairness" requires that it be granted a hearing in this case. However, it is our view that broadening standing in bid protest proceedings to encompass complaints of non-bidder suppliers, such as we have in this case, requires a policy decision that should be made by the Legislature, the appropriate forum to address such concerns, rather than this court.
AFFIRMED.
WOLF and MICKLE, JJ., concur.
NOTES
[1] See e.g. Procacci v. State Department of Health and Rehabilitative Services, 603 So.2d 1299 (Fla. 1st DCA 1992); and Moore v. Department of Health and Rehabilitative Services, 596 So.2d 759 (Fla. 1st DCA 1992).
[2] Fort Howard's abandonment, on appeal, of its request for an award of the contract  the relief requested in its bid protest, highlights the precariousness of its position in this case, as it is not, and can never be, a contractee with the state in the circumstances presented here.