Ms. Karen L. Bzdyk District Eleven CHPA Board Attorney Dickman Building 4500 Le Jeune Road Coral Gables, Florida 33146
Dear Ms. Bzdyk:
On behalf of the District 11 Community Health Purchasing Alliance Board of Directors you ask:
Whether a Community Health Purchasing Alliance Board of Directors is authorized to create advisory committees that include persons who are not members or staff of the CHPA board.
In sum:
A Community Health Purchasing Alliance Board of Directors may create committees of nonmembers for purposes of advising the board and for fact-finding. However, the board may not delegate any of its ultimate statutory authority to such a committee but must remain responsible for performing those duties imposed directly on the board by the Legislature.
In 1993 the Florida Legislature determined that the health care system did not provide access to affordable health care for everyone in this state and sought to implement a structured health care competition model to improve the efficiency of the health care markets in Florida. Section 408.70, Florida Statutes, sets forth legislative findings and the intent for enacting these provisions, including subsection (3) which states that:
The Legislature intends that state-chartered, nonprofit private purchasing organizations, to be known as "community health purchasing alliances," be established. The community health purchasing alliances shall be responsible for assisting alliance members in securing the highest quality of health care, based on current standards, at the lowest possible prices.
Pursuant to section 408.702, Florida Statutes, a community health purchasing alliance (CHPA) is established in each of the 11 health service planning districts established under section 408.032(5), Florida Statutes.[1] The CHPAs are required to be operated as state-chartered, nonprofit private organizations organized under chapter 617, Florida Statutes.[2]
Each of the CHPAs is subject to the supervision and approval of a board of directors composed of 17 members who reside within the CHPA district.[3] Pursuant to section 408.705, Florida Statutes, each CHPA board of directors is charged with accomplishing certain duties and responsibilities as follows:
(5) The alliance board shall adopt bylaws. The bylaws must include a procedure for the election of board officers. The board shall meet at times and places as it determines necessary to operate the alliance in accordance with ss. 408.70-408.706. (6) Each board member is accountable to the Governor for proper performance of his duties as a member of the board. The Governor may remove from office any board member for neglect of duty. (7) To the greatest extent possible, a community health purchasing alliance shall be representative of the racial, demographic, and gender mix of the community served by the alliance. (8) The board may appoint an executive director to serve as the chief operating officer of the alliance, and other staff needed to administer the alliance. The executive director and other alliance staff serve at the pleasure of the board.
Among the duties and responsibilities of the alliance are notifying members of the availability and terms of sponsored health coverage from the alliance,[4] establishing the conditions of membership in the alliance,[5] requesting proposals for health plans from health partnerships in the district,[6] establishing administrative and accounting procedures for the operation of the alliance, preparing an annual alliance budget and preparing annual program and fiscal reports on alliance operations.[7]
It is a general principle of law that when a statute imposes a duty on a public agency or official to accomplish a stated governmental purpose, then the law also confers by implication all powers necessary or proper for the performance of the duty that are not in violation of law or public policy.[8] Thus, if the statute imposing a duty on an agency is silent as to how this duty is to be carried out, the agency has the implied authority to act in any reasonable manner to perform that duty.
Sections 408.70-408.706, Florida Statutes, impose a wide variety of duties and responsibilities on the boards of directors of CHPAs and on the alliances that must work through the boards of directors. In general, the mechanics of accomplishing these tasks are not prescribed by statute, but, under the reasoning discussed above, the CHPA boards have the implied authority to carry out these activities in a reasonable manner.
The appointment of nonmember advisory committees to assist the boards of directors of CHPAs in performing their duties through fact-finding or other advisory functions would appear to be a reasonable approach to accomplishing the requirements of the statutes. However, I must caution that the boards of directors of CHPAs may not delegate their ultimate statutory authority or duty to act[9] pursuant to sections 408.70 through 408.706, Florida Statutes, although they may utilize nonmember groups for advisory input.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, section 408.702(1), Fla. Stat. (1993).
[2] Id.
[3] Section 408.705(1), Fla. Stat. (1993).
[4] Section 408.7045, Fla. Stat. (1993), and, s. 408.702(6)(b) and (c), Fla. Stat. (1993).
[5] Section 408.702(6)(a), Fla. Stat. (1993).
[6] See, s. 408.702(6)(d)-(e), Fla. Stat. (1993).
[7] Section 408.702(6)(g), Fla Stat. (1993).
[8] See, Op. Att'y Gen. Fla. 81-100 (1981); In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952); State v. Michell,188 So.2d 684 (Fla. 4th DCA 1966); Peters v. Hansen, 157 So.2d 103
(Fla. 2d DCA 1963).
[9] See, City of Miami v. Fraternal Order of Police, Miami Lodge 20, 511 So.2d 549 (Fla. 1987); Procacci v. State, DHRS,603 So.2d 1299 (Fla. 1st DCA 1992); Booker Creek Preservation, Inc. v. Southwest Florida Water Management District, 534 So.2d 419 (Fla. 5th DCA 1988).
[10] In addition, I would note that section 408.7055, Florida Statutes, provides for the formation of practitioner advisory groups and sets forth their functions. As these groups are prescribed by statute, I cannot say that the board of directors of a CHPA has any authority to alter the terms of the statute by including nonpractioners or assigning such groups duties other than those prescribed by section 408.7055, Florida Statutes.