644 So.2d 574 (1994)
ORANGE PARK KENNEL CLUB, INC., a Florida Corporation, Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 93-1396.
District Court of Appeal of Florida, First District.
October 17, 1994.
Harold F.X. Purnell of Rutledge, Ecenia, Underwood & Purnell, P.A., Tallahassee, for appellant.
Joseph M. Helton, Jr., Asst. General Counsel and John B. Fretwell, Chief Atty., Dept. *575 of Business and Professional Regulation, Tallahassee, for appellee.
PER CURIAM.
We have for review the summary judgment granted in favor of the Florida Department of Business and Professional Regulation (agency), determining that Orange Park Kennel Club, Incorporated (club) is not entitled to a tax refund. We affirm.
The club holds a pari-mutuel wagering permit, and operates a greyhound race track in Clay County, Florida. The club conducted the Greyhound Race of Champions Meet on November 15, 16, 22, and 23, 1991. The agency required the club to pay taxes pursuant to subsections 550.09(4) and (5)(a), Florida Statutes (1991), of $2,411.94, and $16,548.73. Section 550.09 provides:
Payment of daily license fee and taxes. 
....
(3) TAX ON HANDLE.  Each permitholder shall pay a tax on contributions to pari-mutuel pools, the aggregate of which is hereinafter referred to as "handle," on races conducted by the permit holder. The tax shall be imposed daily and shall be based on the total contributions to all pari-mutuel pools conducted during the daily performance... .
... .
(d)1. The tax on handle for dogracing shall be 7.6 percent of the handle.
....
(e)1.a. The tax on handle for intertrack wagering shall be ... 6 percent if the host track is a dog track ... and shall be deposited into the General Revenue Fund.
... .
2.a. As used in this paragraph:
(I) "Effective tax rate on handle" means the total for each fiscal year of all taxes from live racing paid by the permitholder to the state expressed as a percentage of handle for regular live performances. For the purpose of this definition, the taxes shall include only the tax on breaks, and the tax on handle plus any surtax on handle.
... .
(4) BREAKS TAX.  Each permitholder conducting dogracing shall pay a tax equal to the breaks. The "breaks" represents that portion of each pari-mutuel pool which is not redistributed to the contributors or withheld by the permitholder as commission and is further defined in s. 550.16. [The "breaks" shall be known as the difference between the amount contributed to a pari-mutuel pool and the total of the commissions and sums redistributed to the contributors. § 550.16(6), Fla. Stat. (1991).]
(5) SURTAX ON ADDITIONAL TAKEOUT. 

(a) In addition to any other taxes levied pursuant to this chapter, a permitholder conducting greyhound racing is subject to a surtax which shall be levied at the rate of 50 percent and be imposed upon any sums withheld pursuant to s. 550.162(3)(b).[1]
(Emphasis added.)
The club says that section 550.1635(2), Florida Statutes (1991), exempts it from paying the taxes the agency imposed. Section 550.1635(2) provides:
Notwithstanding any provision of s. 550.09, the permitholder licensed to conduct the Greyhound Race of Champions Meet shall pay no taxes on the live handle or the handle under s. 550.61 [intertrack wagering] on any day on which a Greyhound Race of Champions Meet race, including all qualifying races, is conducted. The provisions of this subsection shall only apply to a maximum of four performances.
(Emphasis added.)
The club timely paid the taxes in dispute and filed a request for a refund; the agency denied the request on November 11, 1992. *576 The club then filed an action in circuit court contesting the denial. The trial judge denied the club's motion for summary judgment, and granted the agency's motion.
The club clearly is entitled to an exemption on "handle"; the issue, however, is whether handle includes the "breaks tax" and the "surtax on additional takeout" for purposes of the exemption. The club argues that it was the intent of the legislature in granting the exemption to include the breaks tax and surtax on additional takeout. The agency, on the other hand, interprets the exemption narrowly, so as to exclude the breaks tax and the surtax on additional takeout from the scope of the exemption.
An agency's construction of a statute which it administers is entitled to great weight and will not be overturned unless the agency's interpretation is clearly erroneous; the agency's interpretation need not be the sole possible interpretation or even the most desirable one; it need only be within the range of possible interpretations. Pan Am. World Airways, Inc. v. Florida Pub. Serv. Comm'n, 427 So.2d 716 (Fla. 1983), Department of Labor & Employment Sec. v. Bradley, 636 So.2d 802 (Fla. 1st DCA 1994). Furthermore, a statute which creates a tax exemption must be strictly construed against those who seek the exemption. State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958). Any doubt in interpreting the exemption must be resolved in favor of the state. State ex rel. Szabo Food Servs., Inc. v. Dickinson, 286 So.2d 529 (Fla. 1973).
The agency interprets section 550.1635 as providing a tax exemption from taxes on live and intertrack handle. "Handle" is a term with a specific definition provided in section 550.09(3)  the aggregate of the contributions to the pari-mutuel wagering pool. An exemption which provides that no taxes are paid on live or intertrack handle thus reasonably can be construed to apply only to taxes levied against the aggregate contributions to the wagering pool  the "handle." Section 550.1635 does not provide an exemption from the breaks tax and surtax on additional takeout; the breaks tax and surtax on additional takeout are separate and distinct taxes which are not levied against the aggregate contributions to the pari-mutuel wagering pool. They therefore are not taxes on handle.
We are unable to say that the agency's interpretation of the exemption statute is clearly erroneous. We therefore affirm the trial judge's summary judgment in the agency's favor.
It is so ordered.
ALLEN and LAWRENCE, JJ. and SHIVERS, Senior Judge, concur.
NOTES
[1] Section 550.162(3)(b), Florida Statutes (1991), provides:

In addition to the sums permitted to be withheld from pari-mutuel pools under subsection (2) and under paragraph (a) of this subsection, a permitholder may withhold 1 percent of the handle on any or all exotic wagers for capital improvements or to reduce capital improvement debt or for purses.