656 So.2d 940 (1995)
D.A.B. CONSTRUCTORS, INC., Petitioner,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Respondent.
No. 95-118.
District Court of Appeal of Florida, First District.
May 17, 1995.
Rehearing Denied July 14, 1995.
*941 Thomas J. Cassidy, III, Tallahassee, for appellant.
Thornton J. Williams, Gen. Counsel and Marianne A. Trussell, Asst. Gen. Counsel, Tallahassee, for appellee.
ZEHMER, Chief Judge.
Petitioner, D.A.B. Constructors, Inc. ("D.A.B."), petitions for a writ of mandamus directing respondent, State of Florida, Department of Transportation ("the department") to stop the award of a contract for road improvement work to White Construction Company, Inc. ("White") and to refer D.A.B.'s bid protest to the Division of Administrative Hearings for a formal hearing.
We hold that the disqualification of White as a road contractor on the basis of irresponsibility must be determined exclusively in an administrative proceeding conducted pursuant to section 337.16, Florida Statutes (Supp. 1994), and the department's rules promulgated thereunder. Therefore, D.A.B. has failed to establish its clear legal right to an administrative hearing to determine White's responsibility in a bid protest proceeding, and we deny its petition for a writ of mandamus.

I.
On December 5, 1994, the department posted its notice of intent to award White, a licensed road and bridge contractor prequalified with the department, a contract for road improvement work along Interstate 75 in Marion County. D.A.B., another licensed road and bridge contractor prequalified to bid on work for the department, was the second lowest bidder. On December 15, 1994, D.A.B. filed a bid protest pursuant to section 337.11, Florida Statutes (Supp. 1994), and section 120.53(5), Florida Statutes (1993), asserting that White should be declared a nonresponsible bidder and that D.A.B. should be awarded the contract.
Upon receipt of D.A.B.'s bid protest, the department advised D.A.B. that its bid protest was legally insufficient to state a basis for an administrative hearing, but that the department would issue an order to show cause to give D.A.B. another opportunity to state a sufficient basis. On January 13, 1995, the department issued an order to show cause why D.A.B.'s bid protest should not be dismissed for failure to allege a factual or legal dispute with the department's proposed action that would serve as a basis for an administrative proceeding under section 120.57, Florida Statutes (Supp. 1994). D.A.B. then filed its petition for a writ of mandamus with this court requesting this court to direct the department to stop the contract award process and to forward D.A.B.'s bid protest to the Division of Administrative Hearings.
On February 6, 1995, D.A.B. filed an amended bid protest and a response to the department's order to show cause, alleging that White was not the lowest responsible bidder because White had not shown the financial resources and ability, honesty, and integrity necessary to faithfully perform the contract as required by statute. It also alleged that the department had acted arbitrarily, capriciously, and unlawfully by granting White preferential disparate treatment on other projects and by failing to perform its statutory duties under Chapter 337. D.A.B. requested that it be declared the lowest responsible bidder for the project, that a settlement conference be held pursuant to section 120.53(5)(d), and that, in the event no resolution occurred as a result of the settlement conference, its bid protest be referred to the Division of Administrative Hearings for a formal proceeding pursuant to section 120.57(1).
The department thereafter entered a final order dismissing D.A.B.'s amended bid protest, concluding that, even if the allegations made by D.A.B. were to be proven at an administrative hearing, the department would nevertheless be foreclosed, as a matter of law, from granting D.A.B. the relief it sought. The department ruled that D.A.B.'s allegations concerning White's delinquency-based nonresponsibility must be dealt with solely in the context of an administrative proceeding conducted pursuant to section 337.16, Florida Statutes (Supp. 1994). It rejected D.A.B.'s assertion that a prequalified contractor could be declared a nonresponsible bidder under section 337.11(4), Florida Statutes (1993), without following the procedures set forth in section 337.16. It further *942 concluded that White's financial capacity was an issue determined by a certificate of qualification previously issued pursuant to section 337.14(1), Florida Statutes, and Chapter 14-22 of the Florida Administrative Code. As to D.A.B.'s remaining allegations, the department concluded that, because D.A.B.'s allegations concerned other projects, none of which were relevant to how the department had acted in the present project, D.A.B. lacked standing to litigate issues which solely concerned the department and other contractors.

II.
We find no merit to D.A.B.'s contention that the department had no discretion to dismiss its bid protest and was required to refer its protest to the Division of Administrative Hearings. We hold that the department has the discretion to determine the legal sufficiency of a bid protest before it is required to refer the bid protest to the Division of Administrative Hearings. See Fort Howard Co. v. Dep't of Management Services, 624 So.2d 783 (Fla. 1st DCA 1993) (affirming denial of bid protest based on a lack of standing because there was no assurance that any relief, consistent with section 120.53(5), could be afforded).
D.A.B. argues further that, because section 337.11(4) provides that the department may award contracts to the lowest responsible bidder,[1] responsibility may be determined outside the context of a section 337.16 proceeding. Relying on this court's opinions in Couch Constr. Co. v. Dep't of Transp., 361 So.2d 184 (Fla. 1st DCA 1978), and Baxter's Asphalt & Concrete, Inc. v. Dep't of Transp., 475 So.2d 1284 (Fla. 1st DCA 1985), D.A.B. asserts that it may challenge White's lack of responsibility under section 337.11(4) in a bid protest proceeding. In Couch, this court held that section 337.16 did not eliminate the traditional competitive bidding requirement that the contract be awarded to the lowest responsible bidder as set forth in section 337.11, and the issue of responsibility was raised in the bid protest proceeding. In Baxter's, this court again recognized that the responsibility of a bidder may be challenged under section 337.11 in a bid protest proceeding.
D.A.B., however, overlooks the language and evolution of the amendments to section 337.16 enacted after this court's opinions in Couch and Baxter's issued. In 1984 and 1985, the language of section 337.16(1) was expanded substantially to provide a detailed procedure by which the department must provide procedural due process to a road contractor whose certificate of qualification to bid on department projects is subject to potential denial, suspension or revocation.[2] *943 Prior to these 1984 and 1985 changes, section 337.16(1), Florida Statutes (1983), provided only that:
No contractor shall be qualified to bid when an investigation by the highway engineer discloses that such contractor is delinquent on a previously awarded contract, and in such case his certificate of qualification shall be suspended or revoked.
Couch was decided before the 1984 and 1985 amendments to section 337.16(1) and is not applicable to the present case. Although this court's opinion in Baxter's was issued shortly after enactment of the 1984 and 1985 amendments to section 337.16, Baxter's is not applicable to the present case because the amendments were not in effect at the time the department rejected Baxter's bid or at the time of the administrative hearing in that case. Consequently, the opinion in Baxter's did not consider the 1984 and 1985 amendments and their impact on delinquency-based claims that a contractor is not responsible.
The department interprets section 337.16 to require that a road contractor's delinquency be addressed exclusively in administrative proceedings conducted pursuant to section 337.16. The department's rules promulgated thereunder are designed to insure that prequalified contractors are afforded procedural due process before their qualified status is vacated. Under the department's interpretation, both sections 337.11 and 337.16 deal with delinquency-based responsibility challenges and, being in pari materia, must be read in conjunction with each other. The department posits that, under sections 337.14(3) and (4), if a contractor is prequalified and its certificate has not been suspended or revoked at the time of the bid, the contractor must be deemed responsible as a matter of law.[3] The department further explains that it is clear from the 1994 revision to section 337.16(2)[4] that a prequalified contractor's *944 lack of responsibility must be addressed in the context of a proceeding concerning the contractor's prequalification status and not on a project-by-project basis through bid protests proceedings.
An agency's construction of a statute which it administers is entitled to great weight and will not be overturned unless the agency's interpretation is clearly erroneous. Orange Park Kennel Club, Inc. v. State, Dep't of Business & Professional Regulation, 644 So.2d 574 (Fla. 1st DCA 1994). The agency's interpretation need not be the sole possible interpretation or even the most desirable one; it need only be within the range of permissible interpretations. State, Bd. of Optometry v. Florida Soc'y of Ophthalmology, 538 So.2d 878, 885 (Fla. 1st DCA 1988). The department has correctly construed section 337.16 and its relationship with section 337.11. An administrative hearing triggered by a bid protest under sections 337.11 and 120.53(5) is not the proper vehicle by which a contractor's responsibility and qualification to bid is to be investigated and adjudicated. Under section 337.16, the department cannot affect, modify, or revoke a road contractor's bidding privileges until there has been an adjudication of the contractor's nonresponsibility. Therefore, even though White was alleged to be delinquent on a state project, that allegation could not be used as the basis for rejection of its bids on this project in the instant case because an administrative proceeding conducted pursuant to section 337.16 had not been concluded and a final determination of nonresponsibility had not been rendered at the time the bids were awarded.
D.A.B. argues that it is entitled to an administrative hearing under section 337.11(4), based on its allegation that White lacks the financial capacity to perform the contract. The department argues that a bidder's financial resources and ability to perform a contract are addressed in the framework of the qualification process pursuant to section 337.14(1) and the rules promulgated thereunder, rather than in a bid protest proceeding under sections 337.11 and 120.53(5). Section 337.14(1), Florida Statutes (1993), provides in part:
Any person desiring to bid for the performance of any construction contract in excess of $250,000 which the department proposes to let must first be certified by the department as qualified pursuant to this section and rules of the department. The rules of the department shall address the qualification of persons to bid on construction contracts in excess of $250,000 and shall include requirements with respect to the equipment, past record, experience, financial resources, and organizational personnel of the applicant necessary to perform the specific class of work for which the person seeks certification... .
We agree with the department that under section 337.14(1) and department rules a bidder's financial resources and ability to perform the contract are subsumed within the prebid qualification process and cannot be addressed in a bid protest proceeding.
D.A.B. also argues that it is entitled to an administrative hearing based on its allegations that the department has acted arbitrarily, capriciously, and unlawfully in granting White preferential treatment on other projects. We agree with the department that these allegations are premised on White's conduct on other projects allegedly showing it is not a responsible contractor and are therefore legally insufficient to state a basis for an administrative hearing pursuant to D.A.B.'s bid protest.
D.A.B. has failed to demonstrate that, as a matter of clear legal right, it is entitled to the performance of an indisputable legal duty. State ex rel. Glynn v. McNayr, 133 So.2d 312, 316 (Fla. 1961). Accordingly, D.A.B.'s petition for a writ of mandamus is DENIED.
ALLEN and KAHN, JJ., concur.
NOTES
[1] Section 337.11(4), Florida Statutes (Supp. 1994), provides:

The department may award the proposed work to the lowest responsible bidder, or it may reject all bids and proceed to rebid the work in accordance with subsection (2) or otherwise perform the work.
[2] Section 337.16(1), Florida Statutes (Supp. 1994), the statutory version applicable in the present case, provides:

(1) A contractor shall not be qualified to bid when an investigation by the department discloses that such contractor is delinquent on a previously awarded contract, and in such case his certificate of qualification shall be suspended or revoked. Any contractor whose certificate of qualification is suspended or revoked for delinquency shall also be disapproved as a subcontractor during the period of suspension or revocation, except when a prime contractor's bid has used prices of a subcontractor who becomes disqualified after the bid and before the request for authorization to sublet is presented.
(a) A contractor is delinquent when unsatisfactory progress is being made on a construction project or when the allowed contract time has expired and the contract work is not complete. Unsatisfactory progress shall be determined in accordance with the contract provisions.
(b) The department shall inform the contractor in writing of its intent to deny, suspend, or revoke his certificate of qualification to bid on work let by the department for delinquency and inform him of his right to a hearing, the procedure which must be followed, and the applicable time limits. If a hearing is requested within 10 days after the receipt of the notice of intent, the hearing shall be held within 30 days after receipt by the hearing officer of the request for the hearing. The recommended order shall be issued within 15 days after the hearing. The contractor's application for a certificate of qualification shall be denied or the contractor's current certificate of qualification shall be suspended for the number of days that it is administratively determined that the contractor was delinquent even if the delinquency is cured during the pendency of the hearing proceedings.
(c) In addition to the period of suspension required in paragraph (b), the department shall deny or suspend the certificate of qualification of such contractor in accordance with the following schedule: If a contractor has been suspended twice within an 18-month period, the period of suspension shall be 3 months; if such contractor has been suspended twice within a 24-month period, the period of suspension shall be 2 months; and, if such contractor has been suspended 3 times within a 30-month period, the period of suspension shall be 4 months. The department shall inform the contractor in writing of its intent to deny or suspend his certificate of qualification to bid on work let by the department and inform him of his right to a hearing, the procedure which must be followed, and the applicable time limits. If a hearing is requested within 10 days after the receipt of the notice of intent, the hearing shall be held within 30 days after receipt of the request for the hearing. Upon a determination that the contractor's certificate of qualification had been suspended for delinquency, it shall deny or suspend the certificate of the contractor as provided in this paragraph.
(d) Such suspension or revocation shall not affect the contractor's obligations under any preexisting contract.
[3] Section 337.14(3), Florida Statutes (1993), provides:

Upon the receipt of an application for certification, the department shall examine it, verify its statements when necessary, and determine whether the applicant is competent, is responsible, and possesses the necessary financial resources to perform the desired work.
Section 337.14(4), Florida Statutes (1993), provides:
If the applicant is found to possess the prescribed qualifications, the department shall issue to him a certificate of qualification which, unless thereafter revoked by the department for good cause, will be valid for a period of 16 months from the date of the applicant's financial statement or such shorter period as the department may prescribe. In the event the department finds that an application is incomplete or contains inadequate information or information which cannot be verified, the department may request in writing that the applicant provide the necessary information to complete the application or provide the source from which any information in the application may be verified. If the applicant fails to comply with the initial written request within a reasonable period of time as specified therein, the department shall request the information a second time. If the applicant fails to comply with the second request within a reasonable period of time as specified therein, the application shall be denied.
[4] Section 337.16(2), Florida Statutes (Supp. 1994), provides, in part:

For reasons other than delinquency in progress, the department, for a good cause, may determine any contractor not having a certificate of qualification nonresponsible for a specified period of time or may deny, suspend or revoke any certificate of qualification. Good cause includes, but is not limited to, ... .