439 So.2d 932 (1983)
METROPOLITAN DADE COUNTY, Appellant,
v.
Mark SOKOLOWSKI, Donald Stockett, Howard Sauers, Robert Jennings, Michael Osuch, Adelaide Dolan, Richard Zeihers, Glen D. Metzler, Gregory M. Beenken, Randolph T. Berenguer and Dade County Police Benevolent Association, Appellees.
No. 82-1949.
District Court of Appeal of Florida, Third District.
October 11, 1983.
Rehearing Denied November 17, 1983.
*933 Robert A. Ginsburg, Dade County Atty., and Daniel A. Weiss, Asst. Dade County Atty., Miami, for appellant.
Dean & Hartman and Denis Dean, and Donald D. Slesnick, Coral Gables, for appellees.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
The issue presented in this appeal is whether police officers who received disciplinary suspensions from employment without being afforded the hearings on their appeals provided by the Metropolitan Dade County Code are entitled to rescission of their suspensions and reimbursement for lost wages. We hold that although the trial court correctly found deprivations of rights under due process of law, it applied the wrong remedy. Accordingly, we affirm in part and reverse in part.
The Metro-Dade Police Department sanctioned several police officers following disciplinary actions for unrelated offenses. The officers received suspensions of between one and twenty days; one officer received a demotion. Although they invoked the authorized appellate process provided in section 2-47 of the Code of Metropolitan Dade County by filing notices of appeal with the personnel director, the officers were not afforded hearings within the required 60 day period. The earliest hearing was not scheduled until 12 months after notice had been filed. Other hearings were scheduled as late as 21 months after the notices of appeal had been filed.
In pursuit of their rights to be heard, the officers instituted actions in the circuit court seeking compensation for lost wages and deletion of the noted disciplinary actions from their records. By the time trial commenced, several of the disciplinary actions had been reviewed by a hearing examiner. Although some of the actions were reversed by the county manager, at the time of trial three challenged disciplinary actions had not been reviewed by the hearing examiner as required by section 2-47 of the Metro Code. The trial court entered judgment in favor of the officers, finding that, with one exception, they had not been accorded timely appeal hearings. Concluding that the officers had been deprived of due process of law by virtue of the delays in the hearings on their appeals from the disciplinary actions, the court devised a remedy in the form of an order rescinding the suspensions and requiring the county to reimburse *934 the officers for the amounts that had been deducted from their wages. In addition, the court later awarded the officers attorneys' fees pursuant to section 448.08, Florida Statutes (1981).
On appeal, the county contends that the officers were not denied due process of law, but if the officers were to establish such a deprivation, they argue, the court fashioned an improper remedy. According to the county, the suspensions did not curtail property rights  only a discharge would constitute a property interest sufficient to invoke due process rights. We disagree.
Procedural due process rights derive from a property interest in which the individual has a legitimate claim. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Once acquired, a property interest falls within the protections of procedural due process. A property interest may be created by statute, ordinance or contract, Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) as well as by policies and practices of an institution which support claims of entitlement. Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). See, e.g., Krause v. Small Business Administration, 502 F. Supp. 1332 (S.D.N.Y. 1980) (statute allowing dismissal or suspension "for such cause as will promote the efficiency of the service" gave enforceable expectations of continued uninterrupted employment); Soni v. Board of Trustees, 513 F.2d 347 (6th Cir.1975), cert. denied, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976) (viable understanding that, although Soni ineligible for tenure his employment would be permanent, gave rise to entitlement); Hermes v. Hein, 511 F. Supp. 123 (N.D.Ill. 1980) (unwavering custom of promoting in exact order of rank on promotion roster gave rise to entitlement); Garnel v. Bunzel, 68 Cal. App.3d 999, 137 Cal. Rptr. 627 (1977) (tenured professors had property interest in right of consultation with respect to departmental personnel and policy activities under written regulations, and policies and practices of university).
The police officers cite Metropolitan Dade County Code section 2-47 as the source of their entitlement to the due process protections accorded property rights. It provides:
Any employee may be suspended or reduced in grade or dismissed ... for any cause which will promote the efficiency of the service.
We agree with Krause, and find that the officers have a property interest in uninterrupted employment. The property interest appertains without regard to whether the employee is suspended, demoted or discharged. Morris v. City of Kokomo, 178 Ind. App. 56, 381 N.E.2d 510 (1978). Compare Krause (statute applies both to dismissal and suspension) with State ex rel. Dunlap v. Cross, Ind. App., 403 N.E.2d 885 (1980) (statute provided for appeal only for suspension of greater than ten days, employee had no property interest in suspension not in excess of ten days) and Jenkins v. Hatcher, 163 Ind. App. 95, 322 N.E.2d 117 (1975) (statute which provided for hearing only in cases of removal did not apply to demotions). Once a property right has been established, the right to a hearing is guaranteed by due process of law. Perry.
Having determined that the officers' property rights in continued employment require that hearings be afforded in accordance with procedural due process, we next consider whether the failure of the county to conduct prompt appeal hearings amounted to a denial of due process. To qualify under due process standards, the opportunity to be heard must be meaningful. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Although an immediate postsuspension hearing may not be necessary, see Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979), interminable delay is intolerable. West v. Board of County Commissioners, 373 So.2d 83 (Fla. 3d DCA 1979). It is clear that the lengthy delays in the cases under consideration, all greater than 12 months under a code provision calling for hearings in 60 days, violate appellees' due process rights.
*935 In determining the appropriate remedy for the violation of due process rights, we have reviewed the pertinent law. Applicable cases are consistent in holding that awards of back wages are improper. In Wilson v. Taylor, 658 F.2d 1021 (5th Cir.1981), a police officer was discharged for allegedly associating with a mobster. Although the court determined that he had been denied procedural due process rights between his termination and his first hearing, he could not recover lost wages or retirement benefits without proving that the dismissal itself was invalid. In County of Monroe v. Department of Labor, 690 F.2d 1359 (11th Cir.1982) the complainant was not afforded a hearing for 14 months after filing a grievance. The court of appeals concluded that a party may recover nominal damages for deprivation of procedural due process, but a greater recovery required a showing of actual compensable injury. The court held that injury caused by justified termination was not compensable in the form of back pay.
In Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) the court held that damages in a case of justified termination may be recovered only for procedural defects. The remedy of back pay is designed to make an aggrieved party whole. Accordingly, there must be a correlation between the remedy of back pay and the cause of the loss. County of Monroe. If the aggrieved party can prove that deprivation of procedural due process contributed to other damages, to his career or reputation for example, he must be afforded the opportunity to present evidence of his damages. Wilson. If he is unable to prove actual damages from the deprivation of procedural due process, he is entitled only to nominal damages under Carey. Thus, a justified suspension without procedural due process protections results in an award of damages solely for injuries relating to the due process deprivations. Wilson makes clear that the contrary result of Glenn v. Newman, 614 F.2d 467 (5th Cir.1980) is no longer acceptable. Laje v. R.E. Thomason General Hospital, 665 F.2d 724 (5th Cir.1982). Thus, in light of the foregoing cases, we are required to hold that the trial court erred in rescinding the suspensions and ordering reimbursement.
In summary, it is apparent that although the officers are entitled to immediate hearings, their claims for damages depend upon whether their suspensions are finally deemed to have been justified. For the deprivation of procedural due process, they may receive only nominal damages and damages for actual compensable injuries deriving from the deprivation of due process alone. These damages may be proved by demonstrating injury to reputation or continued embarrassment as a result of the failure to receive hearings. Claims which may arise as a result of unjustified suspensions which were aggravated by procedural delays need not be addressed in this appeal.
Since the claims for attorneys' fees derive from the obtaining of back wages, section 448.08, Florida Statutes (1981)[*], they should be reviewed in accordance with the principles we have enunciated.
Affirmed in part, reversed in part and remanded.
DANIEL S. PEARSON, Judge, concurring.
I concur. I would only add that there is nothing in this decision, as I read it, which forecloses any police officer from demonstrating that the untoward delay in providing him with a hearing has so adversely affected his ability to prove that the disciplinary action taken against him was unjustified, as to make the hearing a hollow right. In such a case, the officer should be entitled to the same relief which would have been accorded him had he been able to show the disciplinary action against him to be invalid.
NOTES
[*] We do not address the propriety of awarding attorneys' fees under other legal authority such as collective bargaining agreements or federal statutes which have not been presented in these proceedings.