HENDRY, Judge.
Metropolitan Dade County seeks certio-rari review of an order entered by the Circuit Court, Appellate Division, reversing the County Manager’s order sustaining respondent Caputi’s two day suspension. We have jurisdiction pursuant to Rule 9.030(b)(2)(B), Florida Rules of Appellate *1088 Procedure, and quash the order under review.
Respondent, Robert Caputi, employed as a police officer for Metropolitan Dade County, was suspended for two days without pay on October 6, 1980 for incompetence, inefficiency and violation of departmental rules. Officer Caputi filed an appeal from his suspension in accordance with section 2-47 of the Code of Metropolitan Dade County. Although this code provision requires a hearing within 60 days, a hearing was not conducted until October 28, 1982. At the hearing Caputi moved to dismiss the suspension because of the delay between the suspension and the hearing. The hearing examiner declined to rule on the motion. The hearing commenced and the county presented witnesses and documents to support the decision of suspension. A review of the record reveals that no documents were missing and no witness had difficulty recalling the relevant aspects of the incidents giving rise to the suspension.
In April, 1983 the hearing examiner issued a written decision to the County Manager recommending that the two day suspension be upheld. The County Manager, upon review of the record, affirmed the decision of the police department to suspend Caputi. Officer Caputi then appealed to the Appellate Division of the Circuit Court, asserting that his due process rights were violated by not receiving a timely hearing. He argued that the due process violation required reversal of his suspension. The Circuit Court, Appellate Division, agreed and ruled that the delay in holding a hearing on Caputi’s suspension was a violation of his due process rights pursuant to Metropolitan Dade County v. Sokolowski, 439 So.2d 932 (Fla. 3d DCA 1983), pet. for rev. denied, 450 So.2d 488 (Fla.1984), and reversed the County Manager’s order of suspension.
In its petition Metropolitan Dade County contends that the Circuit Court, Appellate Division, departed from the essential requirements of the law in holding that the delay of two years between the suspension and the hearing automatically required a reversal of the suspension. We agree. Initially, we note that the scope of our review is limited to determining whether the Circuit Court, Appellate Division, afforded procedural due process and applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). The court based its decision to reverse the suspension order on our opinion in Sokolowski. In Sokolowski, we found that a 12 to 20 month delay between the disciplinary action and the hearing was a violation of the officer’s due process rights, but specifically stated that the remedy of rescinding the suspension and ordering back pay was inappropriate. Id. at 935. We further stated that:
it is apparent that although the officers are entitled to immediate hearings, their claims for damages depend upon whether their suspensions are finally deemed to have been justified. For the deprivation of procedural due process, they may receive only nominal damages and damages for actual compensable injuries deriving from the deprivation of due process alone. These damages may be proved by demonstrating injury to reputation or continued embarrassment as a result of the failure to receive hearings.
Id. at 935.
In the instant ease respondent urges that he has been prejudiced by the delay by being deprived of monetary benefits during the two year period between the disciplinary action and the appeal hearing and, alternatively, that the two days’ pay would be nominal damages to which he is entitled as a result of the due process violation. We are unpersuaded by these arguments. Respondent would have been prejudiced had he demonstrated that the delay in providing him with a hearing so adversely affected his ability to prove that the disciplinary action taken against him was unjustified as to make the hearing a hollow right. Id. at 935 (Pearson, J., concurring). As previously stated, if an aggrieved party is unable to prove actual damages from the deprivation of procedural due process he is *1089 entitled to nominal damages. Id. Generally, nominal damages do not exceed one dollar. Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).
Accordingly, the petition for writ of cer-tiorari is granted, and the order of the Circuit Court, Appellate Division, is quashed.