NIMMONS, Judge.
Appellant appeals from a final order of the Department of Administration adopting the hearing officer’s findings of fact and conclusions of law which sustained the action of appellant’s employer, the Department of Natural Resources (DNR), deeming appellant to have abandoned his position with the Career Service. We affirm.
One of appellant’s contentions is that DNR did not afford him a pretermination hearing. He attacks the constitutionality of Rule 22A-7.10(2), Florida Administrative Code, which provides that an employee who is absent without an authorized leave of absence for three consecutive days is “deemed to have abandoned [his] position and to have resigned from the Career Service.” The Rule provides a right for the employee to petition the Department of Administration for review to determine whether the circumstances constitute abandonment of position. The Rule makes no provision for a pretermination hearing and the appellant was not furnished the same although there was a full post-termination evidentiary hearing.
Appellant relies upon the Supreme Court’s decision in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), which held that due process requires that a public employee, who has a property interest in continued employment, must be afforded an informal pretermination hearing.[1] We have no quarrel with the proposition of law advanced by appellant. Indeed, he was entitled to a Loudermill-type informal pre-termination hearing. But this is not the place to vindicate the violation of such due process rights, at least in the context of this case. The fact is that the appellant was eventually given a full and complete post-termination hearing which we find properly resulted in an order approving the termination. The validity of the final order is not undermined by the failure to provide a pretermination hearing. And, given the validity of the final order, the appellant is not entitled to an order of back pay, even as to that period between his termination and the date of the hearing. The following is instructive from Metropolitan Dade County v. Sokolowski, 439 So.2d 932, 935 (Fla. 3rd DCA 1983):
In determining the appropriate remedy for the violation of due process rights, we have reviewed the pertinent law. Applicable cases are consistent in holding *725 that awards of back wages are improper. In Wilson v. Taylor, 658 F.2d 1021 (5th Cir.1981), a police officer was discharged for allegedly associating with a mobster. Although the court determined that he had been denied procedural due process rights between his termination and his first hearing, he could not recover lost wages or retirement benefits without proving that the dismissal itself was invalid. In County of Monroe v. Department of Labor, 690 F.2d 1359 (11th Cir. 1982) the complainant was not afforded a hearing for 14 months after filing a grievance. The court of appeals concluded that a party may recover nominal damages for deprivation of procedural due process, but a greater recovery required a showing of actual compensable injury. The court held that injury caused by justified termination was not compen-sable in the form of back pay.
Even assuming that the appellant can prove that deprivation of procedural due process caused him damages, recovery therefor must be pursued via an appropriate action at law, not through the instant administrative proceeding. Id. at 935.
We have examined the remaining points urged by the appellant and find them to be without merit.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.

. For a good discussion of the Loudermill case and its implications, see McCrea, Loudermill— What Pretermination Process is “Due" Public Employees, The Florida Bar Journal, February 1986, p. 37.