813 So.2d 242 (2002)
Calvin C. MILES, Jr., Appellant,
v.
FLORIDA A and M UNIVERSITY and Board of Regents, Appellees.
No. 1D00-4961.
District Court of Appeal of Florida, First District.
April 10, 2002.
*243 Appellant, pro se.
Bishop C. Holifield, General Counsel; Avery D. McKnight, Associate General Counsel, Tallahassee, for Appellees.
BENTON, J.
Calvin C. Miles, Jr., appeals a final order Florida Agricultural and Mechanical University (FAMU) entered, which adopted an administrative law judge's recommended order. Among other things, he contends that FAMU erred in terminating his employment after investigating complaints of sexual harassment received more than sixty days after some of the incidents allegedly occurred; and that, even if his termination was proper, FAMU erred in cutting off his pay before entering its final order. Applying Florida Administrative Code Rules 6C3-10.103(8)(c) and 6C3-10.230(5)(f), we reject both contentions and affirm.

I.
Mr. Miles was working as the general manager of WAMF, a radio station FAMU operates, when three female students filed formal, written complaints in February of 1999 accusing him of having sexually harassed them weeks or months earlier. *244 FAMU promptly placed him on administrative leave with pay. Then, pursuant to Florida Administrative Code Rule 6C3-10.103(8), FAMU's Office of Equal Opportunity Programs conducted an investigation, relying on Rule 6C3-10.103(8)(c) as authority for investigating incidents complained of that allegedly occurred more than sixty days before the formal complaints were filed. After its investigation, the office issued a report finding that Mr. Miles had abused his position as general manager by engaging in sexual harassment as alleged in the complaints, and recommended his dismissal.
On May 11, 1999, FAMU gave Mr. Miles official notice of its intention to dismiss him, apprising him of a right to an investigatory interview beforehand. Mr. Miles asked for the interview, following which he was again notified that FAMU (still) intended to dismiss him, whereupon he took an informal appeal of this decision to Frederick S. Humphries, FAMU's president at the time.
By letter dated August 19, 1999, Dr. Humphries notified Mr. Miles that his informal appeal had been unavailing, stating specifically that the decision to dismiss him had been affirmed, and that his dismissal would be effective on August 26, 1999. He continued to receive his full salary until August 26, 1999, when payment stopped. The letter of August 19, 1999, purported to be final agency action under Florida Administrative Code Rule 6C3-10.103, but gave no notice of any right to further review under Chapter 120. See Fla. Admin. Code R. 6C3-10.232(9) (requiring a formal hearing if requested by an employee being disciplined).
Only on January 18, 2000, did appellant file a petition for formal administrative hearing under section 120.57(1), Florida Statutes (1999). In accordance with section 120.569(2)(a), Florida Statutes (1999), FAMU forwarded the petition to the Division of Administrative Hearings, raising no issue as to its timeliness, presumably on account of the failure of the August 19, 1999, letter to include notice of Chapter 120 rights. See, e.g., Fla. League of Cities v. Admin. Comm'n, 586 So.2d 397, 413 (Fla. 1st DCA 1991); Henry v. State, Dep't of Admin., 431 So.2d 677, 680 (Fla. 1st DCA 1983).
After a formal evidentiary hearing, the administrative law judge, the Hon. Donald R. Alexander, entered a recommended order finding that Mr. Miles had sexually harassed each of the three complainants, and recommending that his dismissal be upheld. Adopting the recommended order and upholding Mr. Miles's dismissal, FAMU entered the final order now under review on November 10, 2000. We reject the appellant's contention that the administrative law judge's findings are not supported by competent, substantial evidence.

II.
The administrative law judge accepted, as do we, FAMU's interpretation of Florida Administrative Code Rule 6C3-10.103(8)(c) as permitting FAMU to investigate sexual harassment even where the formal complaint setting out the allegations is filed more than sixty days later.[1] *245 While Florida Administrative Code Rule 6C3-10.103(8)(b) requires that complaints be filed within sixty days,[2] it contains no prohibition against investigating complaints filed thereafter. To the contrary, the rule specifically provides that it "shall not limit the University in any way from initiating its own review of the complaint and taking appropriate action." Fla. Admin. Code R. 6C3-10.103(8)(c). FAMU lawfully investigated all three complaints.
A reviewing court should defer to an agency's interpretation of its own rules unless the interpretation is clearly erroneous. See State Contracting & Eng'g Corp. v. Dep't of Transp., 709 So.2d 607, 610 (Fla. 1st DCA 1998) ("The courts must ... defer to the expertise of an agency in interpreting its rules."); Golfcrest Nursing Home v. State, Agency for Health Care Admin., 662 So.2d 1330, 1333 (Fla. 1st DCA 1995) ("An agency's interpretation of its own rules and regulations is entitled to great weight, and shall not be overturned unless the interpretation is clearly erroneous. Orange Park Kennel Club, Inc. v. State, Dep't of Business & Professional Regulation, 644 So.2d 574 (Fla. 1st DCA 1994).").
An agency's interpretation of the statute it is charged with enforcing is entitled to great deference. See BellSouth Telecommunications, Inc. v. Johnson, 708 So.2d 594, 596 (Fla.1998). Further, a court will not depart from the contemporaneous construction of a statute by a state agency charged with its enforcement unless the construction is "clearly erroneous." PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla.1988).
Verizon Fla. v. Jacobs, 810 So.2d 906, 908 (Fla.2002); see State, Bd. of Optometry v. Florida Soc'y of Ophthalmology, 538 So.2d 878, 885 (Fla. 1st DCA 1988); see also § 120.57(1)(l), Fla. Stat. (2000). The Florida Supreme Court has
long recognized that the administrative construction of a statute by an agency or body responsible for the statute's administration is entitled to great weight and should not be overturned unless clearly erroneous. State ex rel. Biscayne Kennel Club v. Board of Business Regulation of Department of Business Regulation, 276 So.2d 823 (Fla.1973).
Pan Am. World Airways v. Fla. Pub. Serv. Comm'n, 427 So.2d 716, 719 (Fla. 1983). FAMU's interpretation of Florida Administrative Code Rule 6C3-10.103(8)(c) in the present case is by no means clearly erroneous. The rule expressly authorizes FAMU to investigate any and all formal complaints and to take any action "deemed warranted under the circumstances presented." Id.
Florida Administrative Code Rule 6C3-10.103(8) does make the filing of a complaint *246 a prerequisite for formal investigation: "No formal action, including investigation[,] may be undertaken unless and until a formal complaint is filed." Fla. Admin. Code R. 6C3-10.103(8)(c). But all three complainants in the present case filed formal complaints in conformity with Florida Administrative Code Rule 6C3-10.103(8)(a). Even though not all of the complaints were filed within the time prescribed by Florida Administrative Code Rule 6C3-10.103(8)(b), nothing in the record suggests the conduct of the investigation was in any way compromised by the tardiness of any formal complaint.

III.
Florida Administrative Code Rule 6C3-10.103 ("Non Discrimination Policy and Discrimination and Harassment Complaint Procedures") does not address the point at which an employee's dismissal for violation of the rule takes effect, but Florida Administrative Code Rule 6C3-10.230(5)(f), which applies in all disciplinary terminations of faculty, administrative, and professional employees at FAMU, provides that "dismissal shall take effect at the time determined by the President ... and as written in the notice of dismissal." See also Fla. Admin. Code Rule 6C3-10.230(5)(h). Here, President Humphries's letter of August 19, 1999, which gave notice of dismissal stated that dismissal was effective on August 26, 1999.
Mr. Miles contends nevertheless that he was entitled to be paid thereafter while administrative proceedings ran their course, first before the administrative law judge, and then before FAMU, until the final order terminating his employment was entered. Even his delay in filing a petition for formal hearing should be charged to FAMU, he argues, because the letter of August 19, 1999, made no mention of his right to file a petition.[3] Not having been paid his salary after August 26, 1999, he claims entitlement to back pay, notwithstanding the specific administrative rule FAMU has adopted on the subject, Florida Administrative Code Rule 6C3-10.230(5)(f).[4]
Appellant cites McDonald v. Department of Banking and Finance, 346 So.2d 569, 584 (Fla. 1st DCA 1977) for the proposition that "Section 120.57 proceedings are intended to formulate final agency action, not to review action taken earlier and preliminarily." But the issue at the hearing in the present case was whether appellant had been guilty of misconduct which justified FAMU's decision-after affording appellant a pre-termination opportunity to *247 present his version of events-to discharge him.
At the section 120.57(1) hearing, FAMU's preliminary decision was, to be sure, reconsidered de novo. Unassisted by any presumption of correctness, FAMU had the burden to prove that its preliminary decision was correct. See South Fla. Water Mgmt. Dist. v. Caluwe, 459 So.2d 390, 394 (Fla. 4th DCA 1984). FAMU's decision to discharge did not and could not become final until after the formal administrative hearing had taken place. See Fla. Dep't of Transp. v. J.W.C. Co., 396 So.2d 778, 785 (Fla. 1st DCA 1981) ("An agency's free-form action is regarded as preliminary, irrespective of its tenor. Capeletti Brothers Inc. v. Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978)."). But the hearing necessarily had as its retrospective focus whether appellant had been guilty of misconduct justifying termination of his employment.
We assume for present purposes that, if Mr. Miles had prevailed at the section 120.57(1) hearing, he would have been entitled to back pay for the period during which he went unpaid. But in light of FAMU's clear rule on the subject and "given the validity of the final order [upholding termination as of August 26, 1999], the appellant is not entitled to an order of back pay, even as to that period between his termination and the date of the hearing." Simmons v. Dep't of Natural Resources, 513 So.2d 723, 724 (Fla. 1st DCA 1987); see Metro. Dade County v. Sokolowski, 439 So.2d 932, 934-35 (Fla. 3d DCA 1983).
Affirmed.
ERVIN and POLSTON, JJ., CONCUR.
NOTES
[1] Florida Administrative Code Rule 6C3-10.103(8) provides:

Procedures for Filing a Complaint.
(a) Any individual who believes that he/she is a victim of discrimination or harassment may seek guidance from the Equal Opportunity Programs (EOP) Officer who has been delegated authority by the President to receive and investigate EEO complaints, regarding the options available for resolution of his/her concern. The EOP Officer shall inform each individual of the formal and informal options by which his/her concern can be addressed and resolved. Issues handled informally, will not normally invoke the investigatory procedures set forth in this rule. Issues handled formally, shall include the full range of processes and reviews that are necessary to ascertain the facts and to lead to a fair and impartial resolution of the matter.
(b) A complaint filed under this rule shall be filed on the Charge of Discrimination/Harassment Form EOP100 Revised 12/94, which is incorporated herein by this reference, and submitted to the EOP Officer within 60 calendar days after the alleged occurrence of the discrimination/harassment incident. The form may be obtained from the EOP Office.
(c) No formal action, including investigation may be undertaken unless and until a formal complaint is filed. This provision shall not limit the University in any way from initiating its own review of the complaint and taking appropriate action should such be deemed warranted under the circumstances presented.
[2] At least one of the complaints in the present case was filed within sixty days of the events alleged.
[3] Under section 120.569(1), Florida Statutes (1999), the notice of dismissal should, as appellant argues, have informed him of his right to institute formal administrative proceedings by filing a petition within a time certain. This omission (which was in any event cured by allowing the filing of the petition for formal hearing out of time) created no right to back pay. See Simmons v. Dep't of Natural Resources, 513 So.2d 723, 724 (Fla. 1st DCA 1987) (holding that an employee was not entitled to back pay even though his due process rights had been violated by the Department's failure to hold a pre-termination hearing).
[4] Florida Administrative Code Rule 6C3-10.230(5)(f) provides:

DismissalThe employee may be dismissed during the term of the employment contract for just cause, regardless of tenure status where it appears to the President or President's designee that an employee's actions adversely affect the functioning of the University or jeopardize the safety or welfare of the employee, other employees or students. The employee shall be given written notice of the dismissal by the President or President's designee specifying the reason(s) therefor. The dismissal shall take effect at the time determined by the President or President's designee and as written in the notice of dismissal.