[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15398
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00069-MW-CAS

DARRYL NEWMAN,
GWENDOLYN FOREHAND,

Plaintiffs-Appellants,

DOYAL HESTER,

Plaintiff,

versus

CONSOLIDATED DISPATCH AGENCY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 13, 2018)

Before MARCUS, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Darryl Newman and Gwendolyn Forehand appeal from the district court's grant of summary judgment in favor of Consolidated Dispatch Agency ("CDA"). The Appellants had worked as public safety communications officers ("PSCO") at CDA, and had been involved in the dispatch of first responders to a house fire. The responders had been given no warning that the homeowner previously had threatened to shoot law enforcement officers on his property, and upon arriving, a county sheriff's deputy was fatally shot by the owner. Thereafter, the Appellants were fired. The Appellants and Doyal Hester[1] brought this action under 42 U.S.C. § 1983, alleging that when CDA fired them, it violated the Equal Protection Clause of the Fourteenth Amendment and their substantive due process rights under Article I, § 9 of the Florida Constitution. On appeal, the Appellants argue that: (1) the district court erroneously held that their substantive due process claim failed because they did not have a property interest in their employment; and (2) genuine disputes of material fact exist about whether they were denied substantive due process. After careful review, we affirm.

The essential, undisputed facts are these. Newman and Forehand began working as communications officers for the City of Tallahassee Police Department ("TPD") in 1994. In 2012, TPD and the Leon County Sheriffs' Office ("LCSO") consolidated their individual dispatch operations into one agency, CDA. CDA

---

[1] Hester filed a separate notice of appeal, but he later withdrew it. He does not join in this appeal.

2

opened in April 2013, and PSCOs like Newman and Forehand processed and dispatched emergency calls within Leon County. During the consolidation, Newman and Forehand did not receive additional training on their job duties, but they were trained in how to use CDA's dispatch software, which differed from the software program that TPD had used. The software allowed CDA supervisors to pin premises and officer safety information to particular addresses, and dispatchers could view the information while taking or dispatching calls by clicking on the "premises hazard" tab. The information contained in the tab was not always critical or related to officer safety. Newman and Forehand knew how to access information in the "premises hazard" tab by clicking on it. They also knew that first responder safety was the top priority of emergency dispatchers, and an officer safety threat would be pertinent to first responders.

On November 8, 2014, a sergeant from the LCSO asked a CDA supervisor to warn first responders that Curtis Holley had threatened to shoot any law enforcement officer that came to his home at 3722 Caracas Court. The CDA supervisor entered the information in the "premises hazard" tab for the address. Two weeks later, on November 22, 2014, CDA received a call about a house fire at 3722 Caracas Court. Hester answered the call and sent it to fire department and law enforcement dispatchers without accessing the "premises hazard" tab for the address. Newman sent the call to the fire department, and Forehand supervised a

3

trainee in forwarding the call to law enforcement.  Neither Newman nor Forehand accessed the "premises hazard" tab for 3722 Caracas Court while performing their duties.  First responders from the Tallahassee Fire Department and the LCSO were sent to the property with no warning of Holley's threats.

At 3722 Caracas Court, Holley shot at first responders, killing one sheriff's deputy, wounding another, and missing several firefighters.   Newman and Forehand were placed on administrative leave the same day.  After an internal investigation, Newman and Forehand were fired.   Hester was allowed to retire.

The Appellants and Hester initiated this action, alleging violations of the U.S. Constitution and the Florida Constitution.  The district court granted summary judgment, holding that the substantive due process claim failed because the Appellants and Hester had no property interest in their jobs.  The court also rejected the equal protection claim because the Appellants and Hester did not identify valid comparators or show purposeful discrimination, and CDA had a rational basis for its employment decisions.  This appeal followed.

We review the district court's grant of summary judgment de novo. McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  We may

4

affirm for any reason supported by the record, even if not relied upon by the district court.  United States v. Chitwood, 676 F.3d 971, 975 (11th Cir. 2012).

Even assuming that the Appellants had a property interest in their continued employment under Florida law,[2] we are unpersuaded by their claim that genuine disputes of material fact remain as to whether they were denied substantive due process.  "[T]he basic principle of substantive due process is the protection of the individual from an abusive exercise of governmental powers."  Polakoff v. Dep't of Ins. & Treasurer, 551 So. 2d 1223, 1225 (Fla. App. 1989).  The Appellants concede that this case does not involve a fundamental right.   Where no fundamental rights are involved, the test is essentially the same for both equal protection and substantive due process analysis. United Yacht Brokers, Inc. v. Gillespie, 377 So. 2d 668, 671 (Fla. 1979); State v. Walker, 444 So. 2d 1137, 1138 (Fla. App. 1984).  The state's action can be sustained by a showing that it was rationally and reasonably related to some legitimate purpose and was not arbitrarily or capriciously imposed.  United Yacht Brothers, Inc., 377 So. 2d at 670.  The

---

[2] Under Article I, § 9 of the Florida Constitution, "[n]o person shall be deprived of life, liberty or property without due process of law."  The Appellants argue that they had property interests in their jobs because the policies in the City of Tallahassee Personnel Manual, imposed upon CDA by interlocal agreement, created a legitimate expectation of continued employment. We look to state law to determine the existence of a property right, see Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985), and Florida courts have recognized that a property interest can be created by policies and practices of an institution that support claims of entitlement, see Metro. Dade Cty. v. Sokolowski, 439 So. 2d 932, 934 (Fla. App. 1983).  But we need not decide whether the City of Tallahassee Personnel Manual establishes policies and practices that support claims of entitlement because, as we explain in detail, CDA's termination decisions did not violate the Appellants' rights to substantive due process.

5

burden is on the party attacking the government's action to show that "there is <u>no</u> <u>conceivable</u> factual predicate which would rationally support" the action. <u>Silvio</u> <u>Membreno & Fla. Ass'n of Vendors, Inc. v. City of Hialeah</u>, 188 So. 3d 13, 25 (Fla. App. 2016) (quotation and citation omitted) (emphasis in original).

The undisputed record shows that the Appellants had 20 years of experience in emergency dispatching and knew the importance of first responder safety, the pertinence of threats to first responders, and the method for checking the "premises hazard" tab that contained that information. There is no dispute that the information about Holley's threats was available in the tab on November 22, 2014. There is also no dispute that first responders went to 3722 Caracas Court with no warning that Holley had threatened to shoot law enforcement, and a sheriff's deputy was fatally shot. The Appellants' termination was rationally and reasonably related to the legitimate purposes of disciplining a fatal exercise of poor judgment and deterring other PSCOs from making similar choices. <u>United Yacht</u> <u>Brothers, Inc.</u>, 377 So. 2d at 670.

We are unpersuaded by the Appellants' argument that their termination was arbitrary because there was no CDA protocol requiring them to check the "premises hazard" tab, they were never warned of a requirement to look at "premises hazards," and no other PSCOs had been fired for failure to access the tab. Even if clicking on the tab was discretionary, the Appellants were

6

nevertheless required to gather and disseminate pertinent information, pertinent information was available to them, and they failed to access it. They were aware of this responsibility based on their two decades of experience, and they knew how to access the "premises hazard" tab. Moreover, there is no evidence that any other PSCO's failure to open the tab resulted in the death of a first responder.

The Appellants also argue that their termination was the result of an improper motive because the CDA's claimed reason for its employment decision was the Appellants' violation of CDA protocols, but no protocol required accessing the "premises hazard" tab, no specific protocols were named until after the fact, and CDA developed a "premises hazard" protocol only after the 3722 Caracas Court incident. We remain unconvinced. Assuming that CDA's cited reason for the Appellants' termination can be refuted, the Appellants still have not shown that there is no conceivable set of facts to support CDA's employment decision. Silvio Membreno, 188 So. 3d at 25. Similarly, their argument that evidence shows that their termination was meant to shift blame away from the CDA itself is unconvincing. Even if CDA needed to improve its policies and procedures, the Appellants still exercised poor judgment, despite knowledge and years of experience, to fatal results. The CDA's termination decisions had rational

7

bases and were not arbitrary or capricious.  United Yacht Brothers, Inc., 377 So. 2d at 670.[3]

Accordingly, the order of the district court granting summary judgment in favor of CDA is affirmed.

**AFFIRMED.[4]**

---

[3] CDA argues that the Appellants' substantive due process claim is barred by our holding in McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc) ("[I]n non-legislative cases, only procedural due process claims are available to pretextually terminated employees."). This Court and the Florida courts have not decided whether the McKinney bar applies to substantive due process claims under the Florida Constitution, but we need not decide that question because the instant claim fails even if it is not barred.

[4] CDA moves for sanctions under Fed. R. App. P. 38, 28 U.S.C. § 1927, and our inherent authority.  That motion is DENIED.